NEWYORK,
May, 1816.

ABEEL
v.
RADCLIFF.

ABEEL & ABEEL *against* W. RADCLIFF.

THIS was an action of assumpsit brought to recover the rent of certain premises, situate in the village of *Catskill* and county of *Greene*. The declaration contained two counts, one for the use and occupation of the premises in question, the other a *quantum meruit* thereon. The plea was the general issue.

On the 1st of *April*, 1793, the plaintiffs being the owners of the premises above mentioned, by an indenture of that date, made between them and one *David Van Bergen*, demised the premises to *Van Bergen* for the term of ten years, then next ensuing, at an annual rent of four pounds ten shillings. The following covenant was contained in the indenture: "Provided, nevertheless, that the parties do hereby agree, that, at the expiration of the above term, the parties of the first part shall, if convenient, take and pay for the buildings on said lot at the appraisal of three indifferent men to be chosen by the said parties, or *let the said lot* for a yearly rent, to be fixed by three indifferent men, in like manner to be chosen by the said parties. It is, nevertheless, to be observed, that the said party of the second part shall not put on said lot any more buildings than a house and barn, which buildings only are to be appraised and paid for." The lessee took possession under this indenture, and the premises, after sundry mesne assignments, came into the possession of the defendant. The rent claimed by the plaintiffs was what had accrued since the assignment of the lease on the 10th of *June*, 1808. On the expiration of the term, the plaintiffs refused to have the buildings appraised, but offered a renewal of the lease for some short period of time; but the defendant insisted that he was entitled to a perpetual lease of the premises, and the plaintiffs offered to give a lease for a term not exceeding ten years, which the defendant refused. The parties thus differing as to their rights and liabilities, no rent was paid by the defendant. It was agreed by the parties that the rent of the premises for ten years, from the 1st of *April*, 1803, when the lease expired, ought to be estimated at twenty-five dollars per annum, and the rent on a perpetual lease at fifty dollars per annum. And, for the purpose of deciding all the rights and

*An action of assumpsit for the use and occupation of land, will lie against a lessee by deed who holds over after the expiration of the time. And such action lies against a tenant, holding under a covenant contained in the expired lease, for a renewal.*

*A covenant in a lease, on the part of the lessor, to let the lot, at the expiration of the term, to the lessee, without mentioning any price for which it was to be let, is not a covenant for a perpetual lease, or for a perpetual renewal of the lease, and can at best be extended to a single renewal for the term for which the original lease was given. But it is not capable even of the latter construction, and is altogether void for uncertainty. Every agreement which is required to be in writing by the statute of frauds must be certain in itself, or capable of being made so by a reference to something else, whereby the terms can be ascertained with reasonable precision, otherwise it cannot be carried into effect.*

NEW YORK,
May, 1816.

ABEEL
v.
RADCLIFF.

liabilities of the parties on the facts above stated, certain stipu-lations as to the mode of enforcing the decision of the court were subjoined to the case, which it is unnecessary to state.

*E. Williams*, for the defendant, contended, 1. That the de-fendant, and those under whom he claims, having entered and held the premises by virtue of a lease *under seal*, and the plain-tiffs having refused to give a new lease according to the cove-nant, that is, a permanent lease, the present action, for use and occupation, could not be maintained; but the plaintiffs' re-medy was on the contract.

2. That the plaintiffs, by their covenant of renewal, were bound to give a permanent lease, or one for the longest term known or recognised in the law. Such a lease is the only one that can afford reciprocity, and give effect to the contract. To show that this was the true construction of the covenant, he cited the fol-lowing authorities, as establishing principles analogous: *3 Atk.* 33. 475. 2 *P. Wms.* 196. 1 *Bro. P. C.* 522. 2 *Bro. Ch. Cas.* 636. 639. 3 *Bro. Ch. Cas.* 63. 4 *Bro. Ch. Cas.* 415. 2 *Vesey,* 498. 3 *Vesey,* jun. 295. 298. 378. 6 *Vesey,* jun. 232. *Cowp.* 819.

*Cantine*, contra, contended, that the original lease having expired, to support this action it was enough to show that the relation of landlord and tenant existed. The plaintiff could not sue on a lease which had expired, for rent accruing subsequent to its expiration. Here was an undertenant, against whom the plaintiff has a right to this action for the use and occupation.*

It is said here is a covenant, or agreement under seal; but this is merely an agreement to give a lease, not an actual lease, and as no lease has been made out, or delivered pursuant to the agreement, the plaintiffs are entitled to this form of action.†

As to the main point, what lease the plaintiff was bound to give, that must depend on the construction of the covenant. If the intention of the parties is to be regarded, it is very evident, from the whole lease, that they never contemplated a renewal for a longer time than a year, or until the buildings could be ap-praised and paid for.

VAN NESS, J., delivered the opinion of the court. The first question is, whether the plaintiffs can recover in this form of

* 8 *Term Rep.* 327.

† *Elliot v. Ro-gers,* 4 *Esp. N. P. Cases,* 59.

action. I think they can. The demise for the first ten years had expired before the defendant became the assignee; and the rent, for the recovery of which this suit is brought, is for the use and occupation of the premises since that period. There can be no doubt that *assumpsit* will lie against a tenant who holds over; in such cases the law creates a tenancy from year to year, and the tenant cannot be turned off without a previous notice to quit. (*Doe, ex dem. Rigge,* v. *Bell,* 5 *Term Rep.* 471.)

The defendant cannot be said to hold under the lease; the covenant for a new lease never having been executed upon the expiration of the ten years. After that period the defendant must be considered as holding under the covenant for a renewal; this case, then, is very analogous to that of *Elliot, executor of Thompson,* v. *Rogers,* (4 *Esp. Rep.* 59.) That was assumpsit for use and occupation; the plaintiff's testator had agreed, by deed, to give the defendant a lease, and it being objected that the action could not be maintained, Lord *Kenyon* held, that if there had been a demise by deed, the plaintiff could not maintain assumpsit; but that the agreement was not a lease, but only an agreement for a lease; that the defendant did not hold under the deed, and that the action was, therefore, maintainable. The covenant for a renewal of the lease, in this case, never having been executed, no action could be maintained upon it to recover the rent in question. This case is clearly distinguishable from that of *Smith* v. *Stewart,* (6 *Johns. Rep.* 46.) inasmuch as the defendant there entered under a contract to purchase the fee of the land, though *I* thought the action was maintainable even in that case.

It is submitted to us, also, to decide, for what term or estate the plaintiffs were bound to give a new lease, under the covenant stated in the original lease. The defendant contends, he is entitled to an estate in fee, rendering such rent as shall be fixed by appraisement. This pretension is altogether inadmissible. The object of the parties, probably, was to give the lessee a new lease for such a term as would reimburse or indemnify him for his expenses in the erection of a house and barn, in case the plaintiffs did not elect to pay for them at the expiration of the ten years. It is clear that an estate in fee was not contemplated by either of the parties. The words are, that the plaintiffs are " to *let* the said lot," &c. The word *let* is strictly applicable

to a lease, and not to a deed in fee; and a lease is for life or for years, or at will, and always for a less time than the interest of the lessor in the premises. In *England* it is not unusual to insert a covenant in a lease, for a perpetual renewal, upon certain specified terms, but none of the cases upon this subject (several of which have been cited for the defendant) show this to be a covenant of that description. In all the cases cited, as well as some others, a perpetual renewal was agreed to be given, either by express words or necessary implication or construction, neither of which exist in the case before us. Construing the words of this covenant, *per se*, as we are bound to do, I think the plaintiffs, at most, would not be bound to give any other than a new lease for the same term as that for which the original lease was given, namely, for ten years. But I am of opinion, that this covenant is totally void for uncertainty. How far this uncertainty might be obviated by a bill in the court of chancery, to which the decision of this point properly appertains, I do not know, but proceeding upon the naked agreement, it is impossible to collect from it for what term the parties contemplated the new lease should be given. It is possible that it may be a good agreement for one year, but the words, that the land is to be " let for a yearly rent, to be fixed," &c., seem to imply that a longer term was contemplated. As I have before remarked, it probably was the intention of the parties to permit the lessee to occupy the land until he should be paid for the buildings erected by him; but the agreement is too loose and vague to justify giving even such an effect to it. Every agreement which is required to be in writing, by the statute of frauds, must be certain in itself, or capable of being made so by a reference to something else, whereby the terms can be ascertained with reasonable precision, or it cannot be carried into effect. The cases to this point are numerous and decisive, as will appear by a short reference to some of them. In *Blagden* v. *Bradlea*, (12 *Ves.* 466.,) there was a bill for the specific performance of an agreement for the purchase of land, and the master of the rolls observed, that an auctioneer's receipt may be a note in writing, or memorandum, within the statute; but, then, the receipt must be certain within itself, or by reference to something else, so that it may be known what the agreement was. That one material particular did not appear in the re-

ceipt, namely, the *price*. The plaintiff must show a complete
written agreement, and the bill was dismissed.

In *Clinan* v. *Cooke*, (1 *Scho.* & *Lef.* 22.,) there was an agreement for a lease in which the *term* for which the lease was to be made was not mentioned, but the complainant (who filed the bill for a specific performance of the contract) was to pay a *yearly rent of two guineas for the first year,* and 2*l.* 8*s. for the remainder of the term.* The Lord Chancellor of *Ireland* held, that the agreement being silent as to the *term* to be demised, the defendant was not bound to perform the contract. This case, in its leading features, is very like the present, and appears to have been settled upon great deliberation. In *Seagood* v. *Meale & Leonard,* (*Prec. in Ch.* 560.,) a like bill was filed on a written agreement which did not specify the terms, and the bill was dismissed. The same doctrine will be found in a great variety of other cases, as well at law as in equity ; and the rule which I have mentioned appears to be settled upon the firmest basis. (*Boydell* v. *Drummond,* 11 *East.* 142. *Clark* v. *Wright,* 1 *Atk.* 12. *Bailey & Bogert* v. *Ogden and others,* 3 *Johns Rep.* 399. *Tawney* v. *Crowther,* 3 *Bro. C. C.* 318. *Symondson* v. *Tweed, Prec. in Chan.* 374. *Gilb. Eq. Cas.* 35. *Bromley* v. *Jeffries,* 2 *Vern.* 415. *Underwood* v. *Hithcox,* 1 *Ves.* jun. 279.) In the case before us the parties have omitted to state the *term* for which the new lease was to be given, and unless the court makes a contract for them, the defendant is without a remedy, at least upon the case now presented to us. From what has been said, it follows that the plaintiffs are entitled to judgment, for ninety-five dollars and sixty-five cents. The stipulation in the case is that twenty-five dollars, per year, shall be considered as a fair rent upon a lease for ten years ; I presume, however, it was intended that the same rent should be allowed in case the court should be of opinion that the plaintiffs were not bound to give a new lease.

Judgment for the plaintiffs, accordingly.