### LAWSON *vs.* MEAD.

In order to give any effect to a contract for the sale of land, the description of the premises must be either certain of itself, or capable of being made so by a reference to something extrinsic the contract. Otherwise, the contract is void.

ERROR to Albany common pleas. The action was assumpsit brought in justice's court by Mead against Lawson, for non-fulfillment of a contract for the purchase of land to his damage of $100. The defendant pleaded the general issue. The plaintiff recovered $100 damages before the justice, and the defendant appealed. On the trial in the common pleas, the plaintiff gave in evidence the contract as follows:

Articles of agreement made the 19 October, 1841, between D. Mead of the town of Coeymans, Albany county, and J. Lawson of the same place, witnesseth, that the said Mead hath this day sold a certain piece of land situate in said town, supposed to contain about 608 acres, commencing at John Mead's line at a *stone marked J. L., from thence easterly to Henry Reifer's line,* and said Lawson agrees to pay the said Mead in consideration therefor $300 on the delivery of the

deed, which was to be ready for delivery in 30 days. This was signed by both parties.

The plaintiff then offered to give in evidence a deed which had been executed and tendered to the defendant, which was objected to as the description of the premises did not correspond with the contract, but which was admitted.

The description is as follows: beginning at a stone on the ground J. L., and corner stone between John Mead and J. Lawson, from thence easterly to Henry Keifer's line, thence north along the said line till it intersects a lot of land in the possession of the heirs of Levi Blairdell; thence west along the said line of the said heirs of Levi Blairdell, and said Lawson till it intersects a lot of land that formerly belonged to John Mead, and some time last summer was conveyed to the said Lawson; thence along the line of the said David Mead and the said James Lawson, to the place of beginning the corner stone marked J. L., supposed to contain 6 or 8 acres.

The defendant refused to accept the deed. Much evidence was given in respect to the location of the piece of land on the evidence of the trial, which it is not material to notice.

After the plaintiff rested, the defendant moved for a nonsuit on the grounds, among others, that the contract was void for uncertainty in the description of the land, and that the deed tendered did not embrace a description of the land in the contract; which was overruled.

The same points were also at the close of the evidence raised, and overruled by the judge who submitted to the jury, whether the description in the contract, with the extraneous evidence, was sufficiently particular and definite to be located. The jury found for plaintiff $225.

*By the Court,* NELSON, Ch. J. It is impossible to uphold this judgment. The contract is void for uncertainty in the description of the premises; a location must depend altogether upon conjecture. Nothing but the starting point and one line are given, from which to ascertain the boundaries, and even the course of that line is quite indefinite.

The description of premises, to which any effect can be

given, must be either sufficiently certain of itself, or capable of being made so by a reference to something extrinsic the contract. (13 Johns., 300.)

Here nothing is refered to, extrinsic, by which to define the parcel; every thing is blank in and out of the agreement. It is impossible to say on which side it lies of the line given.

That the parties knew the localities or parcel contracted for is nothing. The question is, have they sufficiently described it in the written instrument, which is alone the only competent evidence of their object and interest in the matter. And bringing the case down to this test, it is impossible to entertain a doubt about it.

Judgment reversed. Venire de novo by Albany common pleas; costs to abide event.