Lipscomb, J.
The appellees brought suit against the appellant to recover the sum, of eight hv/nd/red cmd eighteen dollars and ninety-seven cents, with legal i/nterest thereon from the first day of January, 181(3, until paid, d/ae by an open account for goods, wares, etc. There is no statement of facts, and no bill of exceptions sent up in the record; the account, such as merchants usually mate out, is appended to the petition and may be considered as a part of the record of the case. Several points have been made by the appellants, but most of them are unsupported by the record. If all the evidence had been sent up in a statement of facts, or had been presented by a bill of exceptions, it is probable from the course of the argument that some of them, cut off by not being on the record, would have been sustained. As the case is presented, we must confine our examination to errors that may be apparent on the record. The plaintiffs below allege in their petition, that the sum sued for was due them on an open account. By reference to that account in the record it will be seen that the aggregate amount for which the writ is brought was made out in part, by the addition of interest at the rate of ten per cent.; and the verdict of the jury is for that precise amount, with legal interest from the date to which the account was brought down. The second section of the act to regulate interest will be found to be-in the following words: “ That in all written contracts ascertaining the sum due when no specific premium or rate of interest is expressed, interest shall be taken, recovered and allowed, at the rate of eight per centum per annum from and after the said sum is due and payable.” 4 Laws of Texas, 8.
By the application of the section first cited, it will be manifest that no interest could have been legally recovered on the open account sued on in the court below in this case. The presumption that there was an agreement or contract in writing cannot be indulged, and must be discarded; because it would be repugnant to the plaintiff’s petition, in which he makes an open account the ground of his action. Had there been a written contract, the open account would have been- *(74) merged in it, and the suit would have been founded on it. The record shows that ten per cent, has been charged and allowed by the jury, when by the law no interest was recoverable, presenti/ng a case of error apparent on the record, for which the judgment must be reversed. The judgment can be rendered, excluding all interest, if the appellees should wish it so done. If not, it will be remanded.
The appéllant to recover his costs.