## WILLIAM R. BAKER v. F. M. JOHNSON.

Where the original papers in the case, including the deposition of a witness, were lost, and stood charged, in the Clerk's receipt book, to the attorney of defendant, who, in open Court, disavowed all knowledge of them and declared his belief that they were returned to the Clerk, and the defendant made application for a continuance in order to retake the deposition of said witness, which application was refused, this Court said, the Court below might well refuse it; the party making the application ought to satisfy the Court, that the necessity for it had not been occasioned by his fault.

Quere ? whether affidavits in opposition to a motion for a continuance, can be considered.

Appeal from Harris. Tried before the Hon. Peter W. Gray.

Suit by appellee against appellant as acceptor of a draft in favor of the plaintiff. Answer that the draft was given for a slave, fraudulently represented to be sound, but which was unsound, being afflicted with hernia, upon the discovery of which defendant tendered him back, &c. Jury waived and judgment for the plaintiff. Bill of exceptions, as follows :

Be it remembered that when this cause was called for trial, the defendants moved for a continuance and presented the annexed affidavit in support thereof : And now comes William R. Baker, defendant, and saith that he cannot go safely to trial at this Term of Court, for this, that Samuel B. Ewing, who was, at the institution of this suit, a resident of Harris county, State aforesaid—the said Ewing upon whom subpoena was served,—has since removed from this State to the State of Alabama ; that defendant has not asked for a commission to take the deposition of said witness, because he learned that plaintiff had filed interrogatories to said witness, and notified his attorney of that fact ; that the original papers in this

cause, with the answers to said interrogatories, have been mislaid and now cannot be found, and that if said witness truly answered said interrogatories in chief and cross interrogato-- ries, the said answers would be material to aid defendants in their defence of this suit ; that due diligence has been used to obtain the testimony of said witness ; that defendants expect to prove, &c., (substance of the defence ;) that he knows no other person by whom he can prove the same facts ; that defendant expects to procure the testimony of said witness by the next Term of this Court ; and that this application is not made for delay, but that justice may be done. (Signed and sworn.)

And on consideration thereof and the fact that the original pleadings and papers are missing from the files of the Court and stand charged, in the Clerk's receipt book, to the attorney of defendant, who, in open Court, disavows all knowledge of them, and thinks they were returned to the Clerk, the Court permitted James W. Henderson, Esq., of counsel for plaintiff, to present the following affidavit in relation to the deposition of S. B. Ewing, a witness for defendant, referred to in his affidavit, to wit: That after the adjournment of the last Term of the District Court for this county, after the defendant had continued by affidavit, for the want of the testimony of Samuel B. Ewing, of the State of Alabama, this affiant, as the attorney of the plaintiff, sued out a commission to take the testimony of said Ewing ; that defendant filed cross interrog- atories, and the deposition of said Ewing was returned and filed in this Court, and regularly opened by the Deputy Clerk of this Court at the request of plaintiff's attorney ; and that the said Ewing deposes and says, in said deposition, in answer to defendant's cross interrogatories, that the draft sued on was given by defendant for the purchase of a negro man named Dick or Richard, that he was sound at the time he was sold, and that he never heard of any complaint from defend- ant about said negro. The foregoing is, in substance, what

the said Ewing deposes and says in said deposition, which has been lost or misplaced from the files. (Sworn and subscribed.)

And on consideration of said matters and the sufficiency of the affidavit for continuance, the application therefor was overruled ; to which ruling and also to the permission of said Henderson to file his affidavit aforesaid, the defendant, by counsel, excepts, &c.

The affidavit for a continuance stated that the tender of the slave back, had been made to said Ewing as the agent of the plaintiff. It appeared from an entry at the Fall Term, 1854, that the suit had been continued at that Term, upon affidavit of the defendant. At the Spring Term, 1855, at which judgment was rendered, the Court first permitted the plaintiff to substitute others in place of the original pleadings and papers which had been lost.

*P. C. Tucker*, for appellant.

*Sabin & Henderson*, for appellee.

WHEELER, J. If the original papers, including the deposition of the witness Ewing, had not been lost, it is clear, the defendant would have had no ground for a continuance. For if he had not obtained the desired evidence in answer to his cross interrogatories, he would be left without excuse for not having taken out a commission and taken the deposition of the witness. The only diligence he pretends to have used, was that of propounding to the witness cross interrogatories.— But the answers of the witness to the interrogatories were lost, with the other papers in the case ; and their loss is to be ascribed to the party, as they were charged to his attorney, and he was unable to produce or account for them. It was, therefore, in effect, an application for a continuance to obtain, or supply the place of evidence, which the party making the application had lost. This the Court might well refuse. The

party making the application ought to satisfy the Court, that the necessity for it had not been occasioned by his fault. The application was rightly refused on its own merits ; and it is, therefore, immaterial whether the explanatory affidavit of the plaintiff's attorney was rightly received or not. It did the defendant no injury ; as without it, he had not shown himself entitled to a continuance. The judgment is affirmed.

Judgment affirmed.