ALEXANDER M. BOATRIGHT V. THOMAS M. LINAM.

After the defendant's repeated affidavits for continuances, on account of the absence of witnesses, whose testimony it does not appear he afterwards took any steps to procure, he should have satisfied the Court, by some evidence other than his own affidavit, that the witness was really material, and that it was not owing to his own want of diligence that he had not taken steps to obtain his testimony or even become informed of its materiality.

Where an affidavit for a continuance was discredited by the circumstances, the Court said: Besides, he does not state, as the law requires, "that the testimony cannot be obtained from any other source," but only that he "does not know that he can establish the same fact satisfactorily, by other proof."

The Court might well have refused to entertain another affidavit for continuance, after this was overruled; and having heard it, in the then attitude, and under all the circumstances of the case, it came in so questionable a shape, that we cannot say it was entitled to credit, either as to what the defendant expected to prove by the witness, or as to the absence of the witness not being by his procurement or consent.

Error from Goliad.  Tried before the Hon. James Webb.

Suit commenced May 16th, 1853, by appellee against appellant, on a note of the latter, dated August 9th, 1852, at eight months, to James W. Linam or bearer.  Answer, among other frivolous pleas, that the note still belonged to the original payee, and that the defendant had an account against said payee, which he pleaded as a set off.  Spring and Fall Terms, 1853, continued on affidavit of defendant.  Spring Term, 1854, defendant made affidavit for a continuance as follows:

That Felix B. Webb, of Dewitt County, Texas, is a material witness for defendant, as he is informed and believes.  Affiant was not informed of his materiality until yesterday, when he received information, which he believes, that said Webb could prove that the note sued on was without any endorsement long after the date stated in the petition, and at a time which would allow the set-off claimed by defendant, and that the evidence

of said witness would conduce to show that the plaintiff is not the true owner of said note. Since obtaining the information of said witness' testimony, defendant has made such inquiry and used such diligence as he could, but there has not been time to procure the attendance or testimony of said witness.— His attendance may be had at the next Term of the Court, defendant thinks, as he knows of nothing to prevent. Defendant therefore prays for a continuance, that justice may be done, for he does not know that he can establish the same fact satisfactorily by any other proof.

The defendant's application for a continuance was refused, and he had his witnesses called, but one Floyd Smith failing to answer, he renewed his application for a continuance, on the following affidavits :

That Floyd Smith is a material witness for him, and will prove, if present, as defendant has been informed by said Smith, the item, of two hundred dollars in the account of defendant, as cash, on the 17th October, 1852, said Smith having been present when that money was advanced by said defendant to said James W. Linam, the payee of the note sued on. Defendant cannot prove that item of the account by any other witness. The witness has been duly summoned to attend, and has been in attendance during this Court; and his absence was not known to this defendant when this cause was called, nor when his affidavit for a continuance was presented, for the absence of F. B. Webb. The absence of the witness is not by the consent or the procurement of defendant, who, on the contrary, expressly requested the witness to be punctual in his attendance, who promised to do so. Witness lives about three miles from Goliad, and his attendance can be had at the next Term of the Court, as defendant expects ; and he would endeavor to have his attendance at the next Term. Defendant therefore asks for a continuance, for justice.

Affidavit of defendant's attorney accounting, as in defendant's affidavit, for his failure to call the witness in the first

instance, and make his absence part of the cause for a continuance on the first application at the same Term.

Continuance refused.   Withdrawal of plea of set-off.   Verdict and judgment for plaintiff.

*Pryor Lea*, for plaintiff in error.

*Cunningham and Alexander*, for defendant in error.

WHEELER, J.   The affidavit of the 24th of May, 1854, was manifestly insufficient to entitle the defendant to a continuance.   It is not pretended that the materiality of the proof, which it was proposed to make by the witness, was not previously known to the defendant.   Ample time had been afforded him to procure the attendance or depositions of his witnesses. If the witness Webb was really a material witness for him he should have shown very satisfactorily why it was that the fact did not come to his knowledge until the day before the trial : too late to obtain his testimony, and just in time to make the want of it the ground of an application for a third continuance of the cause.   If, in truth, he had received information of the materiality of this witness but the day before, he should have produced the affidavit, to that effect, of the person who communicated the information.   After his repeated affidavits for continuances, on account of the absence of witnesses, whose testimony, it does not appear, that he afterwards took any steps to procure, he should have satisfied the Court, by some evidence, other than his own affidavit, that the witness was really material, and that it was not owing to his own want of diligence that he had not taken steps to obtain his testimony, or even become informed of its materiality.   Besides, he does not state, as the law requires, "that the testimony can not be obtained from any other source;" (Hart. Dig., Art. 815.) but only that he "does not know that he can establish the same fact satisfactorily by other proof."

The Court might well have refused to entertain another affi-

davit for continuance, after this was overruled ; and having heard it, in the then attitude, and under all the circumstances of the case, it came in so questionable a shape, that we cannot say it was entitled to credit, either as to, what the defendant expected to prove by the witness, or as to the absence of the witness being by his procurement or consent; and we are of opinion that the Court did not err in refusing a continuance.

The alleged excess in the judgment is not assigned as error, and is too inconsiderable to require notice.   The judgment is affirmed.

Judgment affirmed.