Parker v. McKelvain.

JAMES W. PARKER v. JOHN L. MCKELVAIN.

The refusal of the Court to grant a continuance, will not be revised unless the record contains a bill of exceptions, in which the material facts are stated.— But, &c.

The affidavit on a first application for a continuance, if on account of the absence of witnesses, should state their names and residence.

An affidavit for a continuance on the ground of the absence of a witness, sworn to five days before the case is called for trial, and which does not disclose the means by which affiant could know, at the date of the affidavit, that the witness would not be present at the trial, held to be insufficient.

See this case as to an independent contract of guaranty, that a certain amount shall be paid at maturity on certain notes transferred by the guarantor to the obligee.

Error from Houston. Tried below before the Hon. John H. Reagan.

The contract sued on was made part of the petition, and was as follows :

STATE OF TEXAS,   }   This witnesseth I have this day trans-
*County of Freestone*, }   ferred and sold unto J. McKelvain two notes, made by A. G. Wood for two hundred and twelve dollars and fifty cents each, made on the 18th day of January, 1854, bearing interest from date ; there are forty dollars paid on the notes ; now four hundred dollars of the remaining balance including interest, is sold unto the said McKelvain. I have also executed to said McKelvain my promissory note for three hundred dollars in cattle, to be paid at my residence on the first of April inst.; these sums are in part pay for a negro woman and girl this day had of the said McKelvain, and this is to bind the title of said negro woman Genny and girl Mary Jane, that the said Wood shall well and truly pay the said sum of four hundred dollars as per note, and that I will pay the said sum of three hundred dollars in cattle, as per note, and the said McKelvain is to leave in the hands of the above said Wood all the amount over four hundred dollars. I waive all forms of law, and make this obligatory on me, according to its true intent and meaning. Given, &c. Signed and sealed by the defendant.

The amendment of the petition alleged that the notes not being paid, were returned to defendant and were then in suit by him. The above writing was alleged to be a mortgage, and an order for the sale of the slaves was prayed for. Jury waived. Demurrer to original petition sustained ; amendment filed as aforesaid, and the demurrer overruled. Judgment and order of sale. No statement of facts.

The citation was served January 29th, 1856. The application for a continuance was sworn to and filed on the 5th of March, 1856, and was as follows :

The defendant being sworn says he cannot safely go to trial

at this Term of the Court for the want of testimony material to his defence ; that he has used due diligence, in this, that he had subpoenas issued by the Clerk for his witnesses ; that they are not in attendance ; that they are not absent by his consent or procurement ; that he expects to have them in attendance at the next Term of this Court ; and that this application is not made for delay, but for justice.

There was no bills of exceptions, but it appeared from the entry of judgment that the application for a continuance was overruled and the case tried on the 10th of March.

*W. B. Ochiltree*, for plaintiff in error.

*W. M. Taylor*, for defendant in error.

LIPSCOMB, J.   This suit was brought by the appellee in this Court against the appellant, on a guarantee that one Wood should pay to the plaintiff below the sum of four hundred dollars, with interest thereon, out of two notes sold by the appellant to the appellee.   There was a waiver of a trial by jury and the cause submitted to the Judge, who gave judgment for the four hundred dollars, and decreed the enforcement of a lien upon two slaves for the satisfaction of the judgment.   The defendant appealed to this Court.

The first error, assigned, is the overruling the appellant's motion for a continuance of the cause.   There is no bill of exceptions to the ruling of the Court, overruling the motion for a continuance, nor is the subpoena, said to have been issued for witnesses, made a part of the record, by which the diligence of the applicant, in his endeavor to have his witnesses present, would appear ; and as the Statute requires that the diligence should be shown, the decision of the Court below cannot be revised.   If the subpoena should happen to have been issued a very short time before the case stood for trial, as was the case in Ellis v. L. M. Wiley and others. decided a

few days ago, it surely would be insufficient, unless the subpoena had been served. In this case, we do not know when it was issued, or whether served or not. The Clerk of the Court does not deserve censure for not sending the transcript of the subpoena up as a part of the record. It would have been improper to have encumbered the record with it, unless it had been made a part of the record by bill of exceptions, or motion to have it made a part thereof. The affidavit is, however, so defective, that without reference to the subpoena, it was right to refuse a continuance. It does not disclose the names of the witnesses, nor the place of residence, (see Hunter v. Wait, 11 Tex. R. 85,) and it is possible that they were in call of the Court when the suit was called for trial, or may have been far from the reach of process of the Court, without any probability of their being within its jurisdiction at the next Term of the Court.

It further appears from the record, that the affidavit was filed on the 5th day of March, and the suit was not taken up for trial until the 10th of the month ; and it may have been true, that they were not in attendance when the affidavit was made, but that furnished no grounds for the conclusion that they would not be in attendance when their presence was required at the trial, four days afterwards ; nor does the affidavit disclose the means by which the affiant could know, at the date of his affidavit, that they would not be present at the trial. It is clear, that the affidavit was insufficient, and furnished no grounds for a continuance that ought to have received the sanction of the Court below.

The other ground, that the Court ought to have sustained the exception to the petition, is equally unavailable. The original petition was good without amendment, and the amendment neither strengthened nor impaired it. The demurrer could only have been sustained, by assuming the hypothesis, that the guarantee was only a guarantee of the solvency of the maker of the notes, out of the payment of which the appellee

was to receive four hundred dollars. That such hypothesis would have been untrue, there cannot be the least doubt.— The guarantee, upon which the suit was brought, is not to the solvency of the maker, but that he shall pay it at maturity; this is the clear import of the language of the instrument; and that it was so understood by the parties, is conclusively manifested by the action of the parties, in this, that on Wood's failing to pay at maturity, the appellant took the collection into his own hands, and commenced suit against Wood on the notes. On failure to pay when due, the plaintiff had his right of action.

The other assignments require no notice from the Court, as they clearly present no ground for a reversal of the judgment. It is therefore affirmed.

Judgment affirmed.