### HUGH W. MONROE AND ANOTHER v. L. E. WATSON.

Where the plaintiff sued the defendant in a Justice's Court for $55, and attached a mule, and the defendant claimed damages on the ground that the attachment was wrongfully obtained, and there was a verdict of a jury in the Justice's Court in favor of the defendant for $100 damages, from which the debt due the plaintiff should be deducted; and the case being carried by the plaintiff to the District Court, nearly the same verdict and judgment were rendered there on appeal this Court refused to reverse the judgment, it appearing that there was evidence to warrant the jury in finding that the attachment had been obtained without probable cause.

Appeal from Gonzales. Tried below before the Hon. Fielding Jones.

Suit by appellants against appellee, in Justice's Court, for account of $55; attachment obtained on the ground that the defendant was about to remove out of the State. Levied on a mule, which defendant replevied. Plea of reconvention for the wrongful suing out of the attachment, damages laid at $100. Trial by a jury and verdict for the defendant for $100, less plaintiffs' account of $55. Certiorari by plaintiffs. Trial and verdict, in District Court for defendant for $46 85. Judgment. Motion for new trial by plaintiffs overruled; appeal by plaintiffs.

The plaintiffs proved that the defendant was about to go out of the State, and that he had, in answer to questions, made declarations, which, if seriously made, were inconsistent with an honest intention to pay his debts; but there was no evidence that such declarations were told to the plaintiffs before they obtained the attachment. It was proved by the defendant that he was very badly afflicted with inflammatory rheumatism; was very irritable, in consequence was confined to his bed when the attachment was levied; that he was thinking and

talking of going to the Sulphur Springs in Arkansas; that he had made a crop of corn of one thousand bushels, and that in offering his property for sale, he said he would not want the price all in cash, &c., &c.

*Mills*, for appellants. The evidence shows appellants had probable cause at least for the proceedings, though there may have been no sufficient legal cause for the attachment; in such a case the real injury should have been the measure of damage. (6 Tex. R. 406 ; Drake on Attachments, Sec. 153 to 156.) But the extent of the injury, if any, the record does not show. The verdict was excessive, if there was probable cause.

*Parker & Nichols*, for appellee.

WHEELER, J. Whether there was probable cause for suing out the attachment ; the motive which prompted to the proceeding ; and whether it was employed vexatiously or oppressively, were questions for the jury. If, in their belief, there was not probable cause, and the proceedings, at the time, and under the particular circumstances, was needlessly harrassing and oppressive, they were not confined to merely compensating damages. They were the judges of the credibility of the witnesses and the weight of evidence ; and we cannot say they were not warranted by the evidence in finding a want of probable cause, and that the proceeding was oppressive. If they so believed, as we must suppose they did, we cannot say the damages found by them were excessive. They appear to have taken the same view of the case as the jury who first tried it before the Magistrate, and we do not think their finding so manifestly unsupported by evidence, or the verdict so excessive, as to warrant this Court in holding that the Court below erred in refusing a new trial. The judgment is therefore affirmed.                    Judgment affirmed.