Wheeler, 0. J.
—We are of opinion that the court did not _ err in sustaining the exceptions to the petition of the interven or. The intervenorwas not a party to the contract between the plaintiff and defendant. There was no privity between him and the plaintiff. His right of action against the defendant, if he have one, is upon an independent contract between himself and the defendant, distinct from that between the plaintiff and defendant on which the suit was brought. That cannot give him a right to intervene between the parties to this suit.
The ground mainly relied on for a reversal of the judgment, is the ruling of the court refusing a continuance. The application was held insufficient, because “ it did not appear that the witnesses, on account of whose absence the continuance was sought, were citizens of the county or State.” The residence of the witnesses was not stated. And it has been held, in repeated decisions, that this was necessary, to enable the court to determine whether proper diligence had been used to obtain their testimony. (11 Tex., 85; 17 Tex., 157.)
A witness, whose residence is not within the county or State, might be temporarily in the county where a cause is pending, and might be served with a subpoena while there, when it would not be his duty to obey the subpoena, and the party would have no right to expect his attendance at the trial.
There is no hardship in the requirement, that the party *49 making the application shall state the residence of the witness. The rule, as we have seen, was long since announced, and there can be no reason why it should not be complied with by the party seeking a continuance on account of the absence of witnesses. It was not complied with in this case, and we are of opinion that the court did not err in refusing the application.
The judgment is aepirmed.