## JOHN H. FARWELL & others *vs.* OZIAS H. MATHER.

A memorandum in writing agreeing to give a certain sum "for the whole property, from cellar to top, including lease, press, boiler and engine, type, fixtures, furniture," &c., and to pay a certain sum quarterly until the principal and interest are paid, and, " in addition, pay over the twelve hundred and fifteen dollars to be received from A. and the proceeds and good will of the ' Times,' all of which sums shall be deducted from" the gross sum to be paid, is not sufficient to take the contract out of the statute of frauds; nor can an action upon it be supported, by the addition of oral proof that the memorandum was intended to apply to an unexpired lease of a certain building, subject to a certain ground rent, in which building the press and other articles were situated and the " Times " newspaper was printed, and that A. had agreed and bargained with the vendor for a release and conveyance of a small portion of the land included in said lease for twelve hundred and fifteen dollars, and that there was no other building anywhere owned or held by the vendor under a lease to which the description would apply.

CONTRACT brought to recover damages for the breach of the following agreement:

" We will give you $16,500 for the whole property, from cellar to top, including lease, press, boiler and engine, type, fixtures, furniture, &c., and you are to protect us in the possession of the same from all parties. We will pay as follows: We will pay all ground rent and taxes, and pay you five hundred dollars quarterly until the principal and interest are all paid; we will, in addition, pay over to you the twelve hundred and fifteen dollars to be received from John C. Pratt, and the proceeds of the press and good will of the ' Times,' all of which sums shall be deducted from the sixteen thousand five hundred dollars. We to take the property free from all debts, except the above sum, and you to pay all other liabilities up to the time of transferring

the same to us; except the ground rent from April 1, 1857, which we are to pay.                J. H. & F. F. Farwell & Forest.

" I agree to accept the above proposition.    O. H. Mather."

At the trial in this court, before *Hoar*, J., the plaintiffs offered to prove that this agreement was made and delivered on the 21st of April 1857, and that it was intended by the parties to apply to a lease from the owner of the fee of a building on State Street, Boston, which lease belonged to the defendant, and that of the term created by the said lease there remained eight years unexpired, and that the lease was subject to a ground rent, reserved by it to the owners of the fee; that in the building so leased there were a printing press, boiler, engine, types, fixtures and furniture, and that a newspaper called the " Times " was printed and published in said building; that John C. Pratt, before making said agreement declared on, had agreed and bargained with the defendant for a release and conveyance of a small portion of the land included in said lease, for which Pratt agreed to pay the sum of $1215; that at the time this agreement was made, it was contemplated by the plaintiffs and the defendant that the plaintiffs were to sell the good will of the " Times " newspaper and the press on which it was printed; that there was no other building anywhere, held or owned by the defendant by virtue of a lease, or in which he had any interest, which contained a press of any description, a boiler or engine, or types, or in which a newspaper called the " Times " was printed and published, or for any interest in which John C. Pratt was bound or had agreed to pay the defendant, or any one, $1215; and this evidence was offered for the purpose of showing to what property said agreement applied and referred. The plaintiffs also offered to prove that immediately after the execution of the agreement declared on they and the defendant went to an attorney, and directed him to make the proper conveyances to carry out said agreement, and that said conveyances were made and agreed to by both the defendant and the plaintiffs, in which said lease the " Times " newspaper press, boiler and engine, fixtures and furniture are fully described, but that said conveyances were not signed, merely because it was necessary

to obtain the date of some paper referred to therein; and that, before the date was obtained, the defendant refused to perform his said agreement and sign and deliver said conveyances; and the plaintiffs produced said conveyances and offered them as evidence, for the purpose of pointing out and showing to what the said agreement in suit applied and had reference.

The defendant objected to all this testimony, and contended that the agreement declared on was insufficient in law to bind him; that it could not be ascertained from the agreement itself what property was to be sold and conveyed; that it was void for uncertainty; that it did not comply with the requisitions of the statute of frauds; and that parol evidence could not be received for any of the purposes for which it was offered.

The judge reserved the questions arising on the agreement, and on the evidence offered by the plaintiffs, for the consideration of the whole court.

*J. G. Abbott*, for the plaintiffs. The memorandum of the agreement is sufficient of itself, and could not be mistaken by one standing in the situation in which the parties stood at the time, or knowing what building, owned or held in any way by the defendant, answered to the description and requirements of the memorandum. Although this agreement may in some respects appear uncertain, it points out the evidence which will make it certain. Browne on St. of Frauds, §§ 383, 385, 409 *a*. *Howe* v. *Dewing*, 2 Gray, 476. *Atwood* v. *Cobb*, 16 Pick. 229. The parol evidence was competent and sufficient for the purposes for which it was offered. See authorities before cited.

*G. A. Somerby*, for the defendant.

GRAY, J. The memorandum required by the statute of frauds to maintain an action on a contract for the sale of any interest in land must clearly show, either by itself, or taken in connection with some other writing contemporaneous with or referred to in the memorandum, what that interest is. The court may indeed, for the purpose of interpreting the memorandum, put itself in the position of the parties, and ascertain by oral evidence their relations to any property which would satisfy the terms of the memorandum; but, seen in the light of these circumstances, the

writing, whether consisting of one paper or several, must de scribe or identify the subject of the contract.

The memorandum on which the plaintiffs rely describes th. thing to be bought and sold as "the whole property, from cellai to top, including lease, press, boiler and engine, type, fixtures, furniture," &c. If it is allowable (of which there is some doubt) for the court to refer, when the memorandum does not, to the instrument of lease to the defendant, in order to supply the duration of the lease mentioned in the memorandum, the difficulty still remains that the memorandum is not limited to property owned or held by the defendant, and the words used are certainly not less applicable to the whole estate than to a leasehold interest in it. It is "the whole property, from cellar to top," not "your property" or "your interest in the property," which is to be bought and sold. It is not described as "consisting of," but as "including," the lease, printing press, fixtures and furniture. The agreement of Pratt with the defendant, as stated in the plaintiffs' offer of evidence, was "for a release and conveyance of a small portion of the land included in said lease;" but even if Pratt's agreement was confined to a leasehold interest, it does not follow that the property which the defendant agreed to sell to the plaintiff was no greater estate. The stipulations as to payment of "ground rent" are not expressed with such definiteness as to clear up the ambiguity of the principal words of description. To hold such a memorandum, which does not show whether it relates to an estate in fee, for life or for years, sufficient to take the case out of the statute of frauds, would be to practically do away with the statute, and to disregard precedents of the highest authority. *Fitzmaurice* v. *Bayley*, 9 H. L. Cas. 78 · *S. C.* 8 El. & Bl. 664. *Clinan* v. *Cooke*, 1 Sch. & Lef. 22. *Abeel* v. *Radcliff*, 13 Johns. 297. *Morton* v. *Dean*, 13 Met. 385. *Waterman* v. *Meigs*, 4 Cush. 497.

*Judgment for the defendant.*