## MORRIS & MORRIS v. DAVID S. FILES.

1. Although the record does not show a bill of exceptions to the action of the court overruling an application for continuance; yet the affidavit and action of the court refusing the application appearing in the transcript, the court revised this action upon the sufficiency of the application.

### ON REHEARING.

2. The action of the court below overruling a motion for continuance must be excepted to, and bill of exceptions taken, or the appellate court will not revise such action.

3. It is improper to incorporate in the transcript an affidavit for continuance unless it be included in a bill of exceptions to the ruling of the court thereon.

4. Without a statement of facts, an assignment of error that the verdict is not sustained by testimony will not be noticed unless error going to the foundation of the action be manifest on the record.

APPEAL from Montgomery. Tried below before the Hon. James Masterson.

David S. Files brought suit against Morris & Morris upon a written contract for the delivery of certain lumber alleged to be worth $624.86. Plaintiff also sued out an attachment, which was, on the twenty-first of December, 1867, levied on 20,000 feet of lumber, and upon the steam mill, fixtures, etc., the property of A. E. Morris, one of the defendants.

The defendants pleaded in offset certain claims, and in reconvention damages for the wrongful and malicious suing out of the attachment, and for excessive levy of same.

At June term, 1871, defendants' application for continuance was overruled, but there is no exception to the action of the court refusing the continuance. The court excluded the evidence offered in support of the claim in reconvention.

Judgment was rendered for plaintiff, and motion for new trial was overruled. No statement of facts appears.

Morris & Morris brought the case to this court by writ of error, assigning for error the action of the court refusing the continuance and the motion for new trial.

*John R. Peel*, for plaintiffs in error.

*James H. Baker & N. Hart Davis*, for defendant in error.—A recovery could not be had for a "wrongful" issuance. (Harrison v. Harwood, 31 Texas, 651.)

There was no bill of exceptions to the ruling of the

court refusing a continuance. (Note 595, Paschal's Digest; Campion v. Angier, 16 Texas, 93; Harrison v. Cotton, 25 Texas, 53; Johnson v. Brown, 25 Texas Sup., 120.)

No testimony in support of the plea in reconvention could have availed the defendants, nor for a "wrongful" issuance, because they did not declare upon the bond. (31 Texas, 651.)

Nor for a "malicious" issuance of the attachment, because it was sued out by an agent. (Drake on Attachments, Sec. 182; 7 Ala., 622; 11 Ala., 492.)

WALKER, J.—This was an action brought in the District Court to recover on the breach of a contract for delivery of a large quantity of lumber.

An attachment was sued out and levied on the sawmill, fixtures, and about twenty thousand feet of lumber, belonging to the plaintiffs in error.

The defendants below claim damages for the wrongful and malicious suing out of the attachment, and also plead by way of set-off.

The cause coming on to trial, a motion was made by defendants on affidavit for continuance; this motion was overruled, and the judgment of the court is assigned for error.

The defendants proposed to prove the wrongful suing out of the attachment, to which the plaintiff objected on the ground that the plea in reconvention was not founded on the bond. The objection was sustained by the court, and an exception taken.

The defendant offered to read the bond in evidence, which was objected to, and the objection sustained, and exception taken. The plaintiff recovered judgment. A motion was made for a new trial, and overruled. The case is brought to this court on a writ of error.

We think there was error in overruling a motion for continuance; there was also error in ruling out the evi-

dence; and for these errors the judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.

Opinion rendered January 13, 1873.

A rehearing was granted.

ON REHEARING.

*J. R. Peel & W. S. Billups*, for plaintiffs in error, cited Bouv. L. D., Bill of Exc.; 1 Texas, 102, 414; 5 Texas, 290; Sayles' Prac., 346; 16 Texas, 133, Baker v. Johnson; 16 Texas, 243, Boatright v. Linam; 11 Texas, 149, Robinson v. Martel; 6 Texas, 406; 13 Texas, 368; 14 Texas, 662; 15 Texas, 437; 17 Texas, 625; 22 Texas, 114; 28 Texas, 112; 17 Texas, 47; 16 Texas, 13; 14 Texas, 583; 11 Texas, 557; 10 Texas, 33; 4 Texas, 488; 2 Wend., 145; 13 Johns., 301; 2 Texas, 405; 1 Texas, 529; 16 Johns., 343.

*Baker & Maxcy* and *N. Hart Davis*, for defendant in error, cited 16 Texas, 93, Campion v. Angier; 17 Texas, 157, Parker v. McKelvain; 25 Texas, 53, Harrison v. Cotton; 31 Texas, 500, Cocker v. The State; 32 Texas, 640, Cotton v. The State; Paschal's Digest, 217, 219; 31 Texas, 651, Harrison v. Harwood; Drake on Att., Secs. 156, 182; 8 B. Mon., 52, Petit & Owens v. Mercer; 7 Ala., 622, Kirksey v. Jones; 11 Ala., 492, McCulloch v. Walter; Paschal's Digest, 1591.

MOORE, ASSOCIATE JUSTICE.—If any errors occurred in the proceedings had in this cause in the District Court, they are not presented in the record in a manner to warrant this court in noticing or correcting them.

The first ground alleged in the assignment of errors for a reversal of the judgment is the overruling of an appli-

cation for a continuance. But as the record does not show that any exception was taken by plaintiffs in error to the ruling, and as it has been often announced in the written opinions of the court, and in many oral decisions since the case of Campion v. Angier, 16 Texas, 93, this court cannot consider and pass upon the action of the court which we are asked by this assignment of error to review.

It is insisted that a bill of exceptions is unnecessary, because the matter complained of is shown by the copy of the affidavit for a continuance, copied into the transcript, and by the judgment entry, in which the action of the court upon the application is disclosed. This is certainly no answer to the objection of the defendant in error, that the court should not notice the question sought to be raised by this assignment. It is the duty and province of this court to consider only such errors as arise out of or are presented by the record. Evidently the mere copying of an affidavit for a continuance into the transcript does not incorporate it in, or constitute it a part of, the record. The only error which its presence in this unauthorized manner in the transcript requires us to notice is the gross impropriety of putting in the record copies of papers which form no part thereof, which has often been animadverted upon by the court, we regret to say without having as yet corrected the abuse.

If parties desire to have this court review the action of the District Court in refusing an application for a continuance, it is their duty to incorporate the ruling of the court and their exception taken at the time into the record by a bill of exception. A departure from this well established rule is forbidden alike by principle and policy, for when the bill of exceptions is presented to the judge, he has an opportunity, before ordering its incorporation into the record of the case, not only to see that nothing improper is stated in the bill, but he may also have all the facts

stated, and, if he desire it, matters of explanation which induced the ruling to which exception is taken.

The recitation in the minutes of the court on the application for continuance does not supply the place of the bill of exceptions. It forms no part of the judgment of the court in the cause. It is but the recital of facts transpiring during the progress of the trial, of which no record was required to be made. But even if the recital in the entry can be made to supply the place of the bill of exceptions, which we are not called upon now to decide, unquestionably it would have to show the fact that the ruling of the court on the application was excepted to, which is not done in this case.

The second error assigned is the overruling of the motion for a new trial. The grounds of motion for a new trial are, first, overruling application for a continuance; second, the verdict of the jury was contrary to the charge given by the court; third, the verdict is contrary to the evidence. The first has already been disposed of; and there being no statement of facts in the record, we can, consequently, take no notice of the other two. Nor have they been insisted upon in argument by the counsel for plaintiffs in error. It is urged, however, that the judgment should be reversed, because of the refusal of the court to admit evidence in support of their plea in reconvention. The ruling of the court in this particular is not complained of in the assignment of errors. This court may, no doubt, in some instances consider errors manifestly apparent upon the record which go to the foundation of the action or defense, but we do not think there is anything in this case, as shown by the present record, which calls for the application of this rule.

There being no errors shown by the record in this case, which have been assigned by the plaintiffs in error, the judgment is affirmed.

AFFIRMED.