JAMES D. McKINION v. W. C. McGOWAN ET AL.

(No. 5312.)

STATEMENT OF FACTS, errors considered in absence of.

INTERVENTION, four years after institution of suit, should not be allowed when intervenor is fully informed and gives no valid reason for the delay.

Opinion by Watts, J.

Statement.— A full history of the origin of this case can be found in case of Byrnes *et al. v.* W. A. Morris *et al.*, 53 Tex., 213. After the case was reversed and remanded for new trial and the mandate filed in the district court, W. C. McGowan appeared in the case for the first time, and by his petition in intervention he claimed the land in suit, alleging that before the sheriff's sale, under which plaintiff claimed title, he purchased the land in controversy from S. S. Munger, and exhibits his deed of purchase, bearing date August 1, 1874, filed for record August 4, 1874. The intervenor further, in substance, averred " that the original plaintiff, Driscoll, fraudulently procured the land in controversy to be sold on the first Tuesday of March, 1875, it being a legal holiday, as the property of Munger, and had his agent, W. A. Morris, to buy it in for him at much less than its real value; that he afterwards abandoned said sale, and that Morris, taking advantage of the same, and in violation of his instructions, procured the sheriff to make him a deed to this land under his bid made for plaintiff, but that Driscoll procured another execution and had the land again sold by the sheriff of Montague county, on the first Tuesday in July, 1875, at which sale he became purchaser and had the sheriff's deed under such purchase. Intervenor also avers that the purchaser's price was grossly inadequate to the real value of the land, and that the judgment debtor had other property subject to sale, and that the judgment was dormant.

There was a verdict and judgment in favor of appellee. Motion for new trial overruled and case appealed.

As the original defendants in the courts below have no complaint against the judgment appealed from, and have taken no exceptions thereto, the issues to be determined in this court are only those between the appellant (who is the representative of the original plaintiff to the extent of one undivided half interest in the land in controversy) and the

intervenor, McGowan. There is no such statement of facts in the record as can be considered; the purported statement is neither agreed to by counsel nor certified to by the court.

The original petition was filed August 11, 1877, and McGowan intervened June 6, 1881.

Opinion.— In the absence of a statement of facts, only such errors as are shown by the record, which go to the foundation of the action or merits of the cause, can be considered. Morris *v*. Files, 40 Tex., 374. Appellee by his intervention sought to have the sheriff's sales made in 1875 vacated and set aside upon the ground of gross inadequacy of price, irregularities and fraud in the sale. His first appearance in the case was June 6, 1881, some six years after the sales were made.

There is no reason or excuse given for this great delay in asserting whatever rights he may have had in the matter. He purchased the land from Munger after Driscoll's judgment had been recorded in Montague county, and hence took land subject to lien. It is an appeal to the court to vacate the sales upon equitable considerations, and the rule is that the party seeking the remedy must act promptly, for otherwise he will be held to have acquiesced in and waived the irregularities. Hancock *v*. Metz, 15 Tex., 205; Vandergue *v*. Vandergue, 16 N. Y. Eq., 93; Crawford *v*. Genen, 35 Iowa, 543. This long acquiescence and delay place it beyond the power of the court to restore the parties to their original rights.

REVERSED AND REMANDED.