*335 Opinion of the Court, by
Ch. J. Boyle.
THIS-was an action of debt brought in the name of the Commonwealth for the use of Clark and North, *336 against Williams, as sheriff of Simpson county, on his °fficÍal b°nd*
The declaration, after setting forth the bond and its condition, alleges in substance, as a breach of the condition, that an execution had issued against the estate of Clark and North, upon a judgment previously obtained by Bell, for the sum of '$>1,424 60 1-2, with interest and costs, which execution was put into the hands of ^he deputy of Williams, and that the deputy in virtue thereof, had made by the sale of the property of Clark, the sum of $175 62 1:2, on the 31st of December, 1821, an<j sum of $397 37 1-2, on the 2d of February 1822; and bad falsely returned that he had made only the sum of $88 94 1-2, on the said 31st of December, 1821, iu-stead of the sum of $175 62 1-2, aforesaid, and only the sum °f $330 43 1-4, on. the said 2d of February, 1822, instead of the sum aforesaid of $397 37 1-2, in consequence of which return, so falsely made, a second execution had issued upon said judgment,- with credits thereon endorsed for the sums returned to have been made by the deputy, instead of the true sums aforesaid, in virtue of which second execution, other property had beeto seized, sufficient to satisfy said execution; and the declaration then concludes in the usual form.
The defendant demurred to the declaration, and on the demurrer the circuit court gave judgment for him, from which this appeal is prosecuted.
The only question is, whether the declaration is sufficient to maintain the action1? In determining this question, the facts alleged in the declaration must be taken to be true, and assuming the facts to be as alleged, that the sheriff had made of the property of one of the defendants in the execution, a larger amount than he returned upon the execution, it most obviously amounts ■ to a breach of the condition of the sheriff’s official bond; for it expressly provides, that.the sheriff'shall, by himself or his deputies, not only truly and faithfully perform all the duties of his office; but particularly, that he shall truly execute and due return make, of all process and precepts to him directed; and surely it never can bve said, where he returns that he has made by virtue of an execution, less than in truth hé has made, that he has truly and faithfully performed his duty in that respect, or that he has made a due return of the process. It is true, that to entitle a person to maintain an actiom-wp- *337 $yús official bond, it is not enough to show that he has Committed a breach of its condition; but such person must, moreover, show that the breach is to his prejudice; for it is only to any person who may be injured by a breach of the condition of the bond, that the law gives a right to maintain an action therefor. But can it be pretended, that a return by the sheriff that he has made by an execution, less, of the defendant’s estate, than in truth he has made, in consequence of which another execution has issued, whereby other property of the defendant is taken, sufficient to satisfy the balance pf.the demand, does not operate to the injury of such defendant? The return is conclusive on the parties in that case, and the defendant in the execution becomes thereby liable for the amount, which, by the return, remains due on the execution, and, of course, he is, in a case like this, injured to the extent of the difference between the true sum made by the sheriff, and that which he returns he has made. The court below, no doubt, decided upon the authority of the case of Morrow and others vs. the Governor, for the use of McKinney, Hard. Rep. 489; ^and it must be conceded, that that case furnishes no bad apology for the decision. There is, however, a material difference between the breach of the sheriff’s bond, which was held in that case to be insufficiently assigned, and the breach alleged in this case; for in that case, there was no averment, as there is in this, that another execution had, in consequence of the return of the sheriff, been issued, and that in virtue thereof, a sufficiency of the estate of the defendant in the execution to satisfy the demand, had been taken. The court does, indeed, in that case, intimate an opinion, that thq defendant in the execution could not maintain the action until he had been again compelled to pay the money. But, in doing this, the court evidently went farther than the case before it required, and the opinion so intimated, can only be regarded as an obiter dictum, and cannot, we conceive, be maintained upon principle.
The failure of the sheriff to return the true amount made by him, is, as we have already stated, a breach of the condition of his bond, and the injury-done to the defendant in execution,'is complete, by the emanation of another execution, and the seizure of property in virtue thereof, sufficient to satisfy the residue oí the demand.
*338 The judgment of the circuit court is, therefore, erf'o-neous, and must be reversed with costs, and the cause be remanded for new proceedings to be had not inconsistent witbrthe foregding opinion.