*Arnold* for plaintiff.

---

8bm 51
d121 80ઇ

## Pettit and Owen *vs* Mercer.

APPEAL FROM THE CALDWELL CIRCUIT.

*Attachment bonds. Pleading.· Case.*

JUDGE SIMPSON delivered the opinion of the Court.

PETTIT brought a suit in chancery, and obtained an
attachment against Mercer. The debt, to secure the
payment of which the attachment had been sued out,
having been arranged after the institution of the suit,
it was dismissed by the complainant. This suit is
brought on the bond executed by the complainant, upon
suing out the attachment, which is conditioned substan-
tially as required by the statute under which the pro-
ceeding in chancery was had, for the payment of all
costs and damages sustained by the defendant in the
suit by reason of the wrongful issuing of the order.

Has the defendant in the chancery suit, a right of ac-
tion on the bond, in consequence, merely, of the dismiss-
al of the suit by the complainant? The bond is not
conditioned for the successful prosecution of the suit,
but that the order for the attachment has not been
wrongfully obtained. Unless, therefore, the order was
procured wrongfully and without just cause, there is no
breach of the condition of the bond, and no foundation
for any action thereon; although the complainant may
have abandoned the prosecution of the suit, after it has
been instituted.

In the progress of the trial in the Circuit Court, a
question was raised, both in the pleas offered, and in-
structions asked, in regard to the validity of a de-
fence, based on the fact, that the attachment had been
sued out in good faith, and without malice, the defend-
ant having probable cause to believe the truth of the
matters charged in his bill, upon which the order for the

COVENANT.

Case 17.

*December* 13.

Case stated.

The mere failure
to prosecute a
suit in chancery
connected with
an attachment,
is not a forfeiture
of the bond re-
quired to be giv-
en by the statute.·

If the defendant
has obtained the
order for attach-
ment wrongfully,
the condition of
the bond is vio-
lated. If the
causes alledged
did not, in fact,·
exist, the attach-
ment was wrong-
fully obtained—

PETTIT & OWEN
*vs*
MERCER.

that the party believed them to exist is not the test of the rightful or wrongful issual of the attachment, and the fact of whether the condition of the bond is violated or not.

attachment was procured. The condition of the bond, according to its terms, is violated, if the complainant has obtained the order wrongfully. If the causes alledged did not in fact exist, although he may have believed in their existence, there was no actual foundation for the proceeding, and the act of procuring the order for the attachment was wrongful. To make the breach of the bond depend upon the belief of the complainant, as to the truth of the alledged causes, would be to establish a very uncertain standard by which to determine the right of the injured party to maintain his action. We think the terms of the bond would be more faithfully regarded, and the intention of the Legislature more effectually sustained, by requiring the defendant in making a defence to the action, to establish by proof, the existence of the grounds charged in the bill, and contemplated by the statute as authorizing this mode of proceeding by the creditor.

In an action upon a bond given upon suing out an attachment in chancery, the plaintiff has a right to recover only such cost and damages as he has sustained in consequence of the wrongful issual of the attachment, by being deprived of his property, and costs and expenses incurred.

The extent, however, to which the plaintiff has a right to recover in a suit of this kind, or in other words, his right to damages commensurate to the injury sustained by him in consequence of the suit in chancery and the extraordinary proceeding by attachment, forms the chief subject of inquiry in this case. Has he a right to show that his credit has been seriously affected, his sensibilities wounded, and his business operations materially deranged, in consequence of the attachment having been sued out; and to rely upon these matters to enhance the amount of damages? Or is he to be confined to the costs and expenses incurred by him, and such damages as he may have sustained by a deprivation of the use of his property, or any injury thereto, or loss or destruction thereof, by the act of the complainant in suing out the attachment?

The defendant in the chancery suit has a right to bring an action on the case against the complainant for a vexatious and malicious proceeding of this kind. In such a suit, damages may be claimed for every injury to credit, business, or feelings. But to sustain such a suit, and enable the plaintiff to succeed, malice upon the part of the defendant, and the want of probable cause, are

both requisite. In a suit on the bond, the plaintiff is not bound to show malice, nor can the defendant rely, by way of defence, upon probable cause. It would seem, therefore, to follow, that such injuries as he is entitled to redress for, only where malice exists, and probable cause is wanting, could not, with any propriety, be estimated or taken into consideration in a suit on the bond. To allow it to be done, would be inconsistent with all the analogies of the law, which should not be violated, unless it be imperiously required by the terms of the bond, or the presumed intention of the Legislature.

If an order has been obtained without just cause, and an attachment has been issued, and acted on in pursuance of the order, the terms of the bond secure to the defendant in the attachment all costs and damages that he has sustained in consequence thereof. The condition of the bond is satisfied, and its terms substantially complied with by securing to him damages adequate to the injury to the property attached, and the loss arising from the deprivation of its use, together with the actual costs and expenses incurred.

It cannot be rationally presumed that the Legislature designed to impose on the security in the bond a more extensive liability. The statute is remedial in its character, and should be expounded so as to advance the object contemplated. To impose an almost unlimited liability on the security in the bond, sufficient to embrace every possible injury that the defendant might sustain, would be in effect, to defeat in a great measure, the object of the statute, by rendering it difficult, if not impracticable, for the complainant to execute the necessary bond.

The statute of 1837, to amend the act regulating proceedings against absent and non-resident defendants, (3 *Stat. Law*, 13,) authorizes the complainant, in certain cases, to make the attachment effectual, by notifying the defendant of the object and intention of the suit, without any order for the purpose, or the execution of a bond of any description. If the Legislature contemplated securing the defendant in the attachment, by the

PETTIT & OWEN
*vs*
MERCER.

execution of the bond to the extent contended for on behalf of the plaintiff in the Court below, it is hardly probable a statute would have been enacted, authorizing proceedings evidently designed to operate with similar effect on his property, and dispensing with the execution of a bond altogether.

If the party seeks to recover for an injury to credit, business, &c., he must sue in case.

We have come to the conclusion, therefore, although to defeat the action when brought on the bond, the defendant must show the existence of the causes, which under the statute, are sufficient to authorize the attachment to issue, or such of them as were alledged and relied on by the complainant as the foundation of the order; yet the plaintiff, if he succeed, can only recover damages for the injury he may have sustained, by being deprived of the use of his property, or its loss, destruction or deterioration, together with the costs and expenses incurred by him in the defence of the suit; and for all other injuries he may have sustained, he has to resort to his action on the case against the complainant, in which action his right to a recovery will be governed and determined by the principles of law applicable to such cases.

On the trial of the cause, the plaintiff having introduced evidence conducing to prove a loss of credit, produced by the issuing of the attachment against him, and other injuries resulting from such loss of credit, the jury returned a verdict in his favor for five hundred dollars in damages. The verdict is not sustained by the law of the case, and a new trial should have been granted.

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

*Harlan & Craddock* for appellants; *Morehead & Reed* for appellee.