Chief Justice Simpson
delivered the opinion of the Court.
Spring & Stepp were in the year 1849, engaged in keeping a livery stable in the town of Richmond, and having incurred liabilities to a considerable extent, several of their creditors exhibited bills in chancery in the Madison Circuit Court against them, alleging that they intended to make a fraudulent conveyance or some other fraudulent disposition of their property, for the purpose of preventing their creditors from collecting *552 their debts; on which bills, attachments were sued out and levied upon the property of the defendants.
The defendants answered and denied that they intended to make any fraudulent disposition of their property, or had ever entertained such a design. The suits were consolidated and a good deal of testimony introduced on both sides. Upon final hearing, the Circuit Court sustained the attachments, and the property attached having been sold during the pendency of the suits, distributed the proceeds among the several attaching creditors. To that decree the defendants prosecuted a writ of error, and this Court being of the opinion that the testimony was insufficient to establish the charge of a fraudulent intent, reversed the decree and remanded the cause with directions that the several bills should be dismissed.
After the reversal in this Court, but before its mandate had been entered and carried into effect in the Circuit Court, Spring & Stepp commenced two actions on the case in the Fayette Circuit Court against part of the creditors for having, as alleged in the declarations, maliciously, and without probable cause instituted said suits in chancery, and sued out the attachments therein, whereby their property had been levied upon, and sold at a great sacrifice, and they had sustained considerable loss and injury.
The two cases were consolidated and submitted to the Court by the consent of parties, to determine, first Whether, as the.suits were brought, before the mandate of this Court had been entered in the Madison Circuit Court, and the bills dismissed, they could be maintained, or should for that reason be abated ? And second : Whether the decree in the Circuit Court sustaining the attachments and decreeing relief to the complainants, notwithstanding that it had been reversed, was conclusive, or only prima facie evidence of probable cause for instituting the suits and sueing out the attachments 1 Both questions were decided against the plaintiffs by the Circuit. Court.
It is the general principie that to enable a plaintiff to maintain an aciion for a civil suit brought maliciously, the suit alleged to have been maliciously brought must have been determined in his lavor, and the fact should be avered: Cola vs Hanks, (3 Mon. 209.)
In addition to the facts already mentioned, it was admitted by the parties, and so entered on the record, that the defendants were actual bona fide creditors of the plaintiff at the time they instituted the suits in chancery, and obtained the attachments ; and that the Madison Circuit Court had jurisdiction over the subject matter of the suits. The proceedings in the chancery suits were to be considered as part of the agreed facts ; but there was no ad.mig.sion that any other proof could be made to establish the want of probable cause, than that which might be deduced from the record of the proceedings in said suits, and the reversal, by this Court of the decree of the Circuit Court.
1. It is a general principle, that to enable the plaintiff to maintain such an action as this, the suit alleged to have been malicious must have been determined in his favor; and this fact, as well as the manner of its determination, must appear on the face of the declaration. Cole vs. Hanks, (3 Monroe 209.) This principle is not controverted, but it is contended that the suits had been virtually determined by the reversal of the decree, and the mandate of this Court directed to the Circuit Court to dismiss the bills, and to sustain this proposition, we have been referred to the case of Burt vs. Place, (4 Wend, 591,) in which it appeared that the suits complained of as malicious, were instituted in a Justice’s Court, and the plaintiff there recovered judgments, hut the defendant brought appeals on them, and prevailed in the Common Pleas ; and it was held by the Supreme Court of the State of New York, that the appeals were further proceedings in the same suits, and the judgments rendered in the Court of Common Pleas, were determinations of the suits in favor of the defendants. But there is an evident want of analogy between that case and this. In that, thé judgment of the Court of Common Pleas produced á reversal of the judgment of the Justice, and was ear-1 ried into effect by the Court that rendered it, being, as we may presume similar to appeals in this State, from *554 the judgments of justices of the peace, to the Circuit Court, where the trial is had in the latter Court, and the judgment rendered and executed without any reference to the'judgment appealed from.
A bill in chancery brought in the Circuit Court decree for complainant, reversed by the Court of Appeals with a mandate directing the Circuit Court to dismiss the bill, is hot such a final adjudication and determination of the suit as will authorize the defendant to bring his action on the case for a malicious suit until die mandate is carried into effect.
In this, the further action of the Circuit Court was necessary to put an end to the suits, by carrying into effect the mandate of this Court, and until that was done, the suits were still pending and .undetermined in that Court. There might be some plausibility in the ■argument, that in the case of a mere affirmance by this Court, the suit was determined befoi’e the mandate was entered in the Court below, because no change of judgment or decree would be produced, and also because, under the statute on the' subject, no action of the Court below is necessary, except in some specified cases. But in the case of a reversal, even where the Circuit Court is imperatively required, by the mandate of this Court, to dismiss the complainant’s bill, the suit is still pending in that Court until the requisition is complied with, and can in no sense be said to be actually determined* although the mode of its determination may have been unalterably fixed by the decision and mandate of this Court. It follows, therefore, that these suits were commenced prematurely, and cannot be maintained.
The ‘effect however, to which the decree of the -Circuit Courtis entitled, notwithstanding its réversal,-is a question of more importance, as upon its decision, the right of the plaintifls to maintain a subsequent action essentially depends. Upon this question the authorities seem to conflict. .The Supreme Court of North Carolina decided in the case of Griffis vs Sellers, (4 Devereux and Battle, 174,) that probable cause, was judicially ascertained by the judgment of the inferior Court, although upon an appeal, a‘contrary judgment be given in a higher Court; and that such a judgment, no matter how obtained, being a judicial sentence, is conclusive evidence of probable cause. The same doctrine was held substantially by the Supreme Court of Massachusetts in the case of Whitley vs Peckham, (15 Mass. *555 Rep., 243,) and in the case of Herman vs Brookerhoof, (8 Watts' Pennsylvania Rep., 240,) it was decided, that “in a suit for a malicious prosecution, a judgment in the Court below is complete evidence of probable cause.” The case of Reynolds vs Kennedy, (1 Wilson's Rep., 232,) settles, substantially, the same doctrine, that is, that the judgment of the inferior Court is complete evidence of probable cause, and indeed conclusive, if nothing else appear than the judgment, and its subsequent reversal. The case of Burt vs Place, supra, is however relied upon as settling a different doctrine upon the subject, and as deciding that such a judgment is not conclusive but only prima facie evidence of probable cause. The principle settled in the case last cited, we understand to be, that such a judgment will not, in every possible state of case, be deemed to be conclusive of the question of probable cause; but that, like judgments in other cases, its effect may be destroyed by showing that it was procured by fraud, or other undue means.
Ifo suit for maliciously prosecuting a eivil suit can be main tained where the decision of the superior Court •has been in favor of the defendant, though that decision be afterwards reversed by the Court of Appeals ; unless it be avered and shown that the Ce. cisión of the inferior Court was obtained through fraud or unfair means.
The.eorrect doctrine on the subject is, in our opinion, that the decree or judgment in favor of the plaintiff,. although it be afterwards reversed, is,.., in cases where' the parties have appeared, and proof, has been heard on both sides, conclusive evidence of probable causev. unless other matters be relied upon to* impeach the judgment or decree, and to show that it was obtained by fraud: and in that case it is indispensable that such matter should be alleged in the plaintiff’s declaration-.; for unless it be done, as the other facts which have to be stated, establish the existence of probable cause,, the declaration is suicidal. The plaintiff’s declaration will itself, always furnish evidence of probable cause when it states, as it must do,, the proceedings that have taken place in the suit alleged to be malicious, and shows that a judgment or decree has been rendered against the plaintiff. To counteract the effect of the judgment ■ or decree, and the legal deduction of probable cause, it is incumbent upon him to make it appear in his deela- *556 ration that such judgment or decree was unfairly obtained, and was the result of acts of malice, fraud, and oppression, on the part of the defendant, designed and having the effect to deprive him of the opportunity and necessary means to have defeated the suit, and obtained a judgment in his favor. The declarations in these cases do not allege any facts tending to obviate or countervail the legal effect of the decrees that were rendered in the Circuit Court against the plaintiffs; nor is the existence of any such, admitted in the statement of the facts which were agreed by the parties. The naked case then is presented of suits against the defendants for the malicious and vexatious prosecution of certain suits in chancery with attachments against the plaintiffs, in which, decrees were pronounced in favor of the present defendants, which were reversed by this Court, with direction to the Circuit Court to dismiss their suits, without any proof of malice or the want of probable cause, except that which is furnished by the record of the proceedings in the chancery suits. Under such circumstances, the decrees rendered in the Circuit Court are conclusive evidence of probable cause, and the plaintiff’s cannot maintain their actions.
Carr Sf Atwood, and Kinkead Sf Breckinridge for appellants ; Burnam for appellees.
Wherefore there being no error in the judgment of the Circuit Court, it is affirmed.