Kaye *vs.* Kean.                    Case 54.

</div>

APPEAL FROM JEFFERSON CIRCUIT.                ORD. PET.

|18bm839|
|106  796|

|18bm839|
|132  233|

1. A judgment of a court of competent jurisdiction in an action insti-
   tuted by the plaintiff, is evidence that he  had  probable  cause for
   believing that he was entitled to the relief he was seeking against
   the defendant, and the subsequent reversal of the judgment will
   not prove that there was not probable cause.  It only shows that
   the question of responsibility was regarded as doubtful.  (*Spring
   & Stapp vs. Besore, &c.* 12 *B. Monroe*, 555.)
2. In a suit on an attachment bond, the question is not whether there
   existed probable cause for the issue of the attachment, but upon
   the question whether it had been rightfully or wrongfully obtained.
   That question is determined by the final judgment in the action.
   The recovery on such a bond is for the injury the party may have
   sustained by being deprived of the use of his property—its loss or
   deterioration.  If the attachment suit was maliciously brought,
   the defendant might maintain an action for the injury to his credit,
   feelings and business; the actions however are distinct.  (*Pettit &·
   Owen vs Mercer,* 8 *B. Monroe,* 51.)
3. The Jefferson circuit court has jurisdiction to  award  a mandamus
   against the city council of Louisville, on  a  proper state of case
   being presented; and so long as a judgment in a case of mandamus
   of the circuit court in such case  is in force, it should  be obeyed,
   and a refusal justifies an imprisonment of the party refusing obe-
   dience, and no action is maintainable for such imprisonment.
4. No right of action arises from a party employing counsel to sustain
   a judgment which has been rendered in  his favor  by  a court of
   competent jurisdiction, though it be  reversed by  the  appellate
   court and thereby is shown to have been erroneous.

[The facts of  the case  are stated in  the  opinion of
the court.   REP.]

*Tho. W. Riley & Muir*, for appellants—

Made the following points:

1. The mandamus should have issued against the corporation and not against the individual members thereof, at the time it issued.

2. The county court or the city corporation is not bound to issue a tavern license to every applicant. They have a discretion—a sound legal discretion; and there is no allegation of any abuse of that discretion in the application for the mandamus.

3. If the city authorities had a discretion, the mandamus is not the remedy for an abuse of that discretion.

Several facts are apparent from the record; and,

1. Kean did not show that he had any right to ask a license; he did not show that he was prepared to keep a tavern; (to retail liquors) nor did he show or offer to show that a tavern was necessary for the accommodation of the public. 2. He sets out the fact that the city council had acted on his petition for a license. 3. The writ of mandamus does not lie to the city council to *reverse its action.* 4. The city council having a discretion, the writ of mandamus was not the remedy for the abuse of that discretion.

If it be admitted that the jugdment of the court on the attachment is *prima facie* evidence of probable cause, (which is however denied,) may not the party show express malice. Nay, more, if the defendants have acted wantonly and maliciously, is he shielded by the judgment of the inferior court so perfectly that he cannot be reached by any amount of proof of malice however great? If the judgment of the inferior court be conclusive of probable cause, which may not be counteracted by other proof, why not call it a bar, and say that such a vile outrage upon liberty is without a remedy.

But it is insisted that the circuit court had no jurisdiction of the case.

In the first place, Kean had shown no right to keep a tavern. In the next place, his petition for a writ of mandamus shows upon its face that the circuit court had no authority to issue the writ, because it shows the fact that the city council had already acted on the petition for a license, and had rejected it. We do not deny to the circuit courts the power to award writs of mandamus, but insist that they never should be awarded but in extreme cases where there is no other remedy.

Further, the petition shows more. If it be admitted that the judgment of the circuit court shows *prima facie* a probable cause for the issue of the mandamus, and pressing it to trial, and depriving the plaintiffs of their liberty, did it warrant him in pursuing the appeal to the court of appeals, and there wantonly, and unlawfully, and without any probable cause, prolonging the plaintiff's suffering and danger, and without cause, maliciously prosecuting a motion to quash the appeal bond, and procure a dismissal of the appeal. Does his success in this effort shield him? Will the mere fiction by which he was able to baffle justice, under color of legal authority, sustain defendant in this step also? That the imprisonment was prolonged by the attempt to dismiss the appeal is all admitted by the demurrer to the petition.

Notwithstanding the opinion of the court in the case of *Spring and Stapp vs. Besore,* (12 *B. Monroe,* 557,) we call the attention of the court to *section* 224 of the *Civil Code,* under the belief that the legislature never intended to destroy the remedy on the bond by the erroneous judgment of the inferior court, or that such erroneous judgment should in any degree impair the right of the party whose goods had been illegally seized and sacrificed. But we insist that the case just cited has not such an analogy to this as to require that it shall form a precedent in this case. In that case the act complaimed of is the illegal issue of the attachment by which the property

was taken, and not the judgment of the court that gave a show of plausibility to the grounds alleged for the issue of the attachment. The wrong was consummated without the judgment of the circuit court. In this case we are trying the validity of the judgment of the circuit court by which the plaintiffs were consigned to a rigorous imprisonment. This is the abuse of legal process—the basis of plaintiff's action.

One other view will be presented. It is said that the mandamus is a high prerogative writ, and to entitle a private individual to its use, he must not only show a clear right to the thing demanded, but that he has no other remedy to obtain it. (1 *Peters*, 340.) None of these things does Kean show, yet he plays with this process as though he were above the laws of the land.

Two of the eight aldermen, and sixteen common councilmen, a majority of both boards, agreed to issue the license to Kean. It is true two of the aldermen prayed appeals, which were not prosecuted. Pennybaker, one of the common council, gave a bond which did not supercede the judgment.

The whole proceeding was wrong, unjust, and oppressive.

The court is referred to the following authorities, 1 *Chitty Plead.* 133–4, 185, and 181, *and note* 4; 1 *Wendell*, 126; 3 *Ib.* 202; 1 *Peters*, 138; 15 *John.* 121; 19 *Ib.* 39.

*Speed & Beattie & Caldwells*, for appellee—

1. The case of *Spring and Stapp vs. Besore*, (12 *B. Monroe*, 555,) is a case in point. The fact that the court sustained Kean in his efforts made in a legal form, is *prima facie* evidence of probable cause. It is not pretended that Kean, in the institution of the proceeding, has been guilty of any falsehoods. Malice may be inferred from falsehood, but never from truth. The truth is no more malicious than false. In the case of *Reynolds vs. Kennedy*, (1 *Wilson*, 32,)

it was ruled that it was not enough to say that the defendant brought an action against the plantiff *from malice without cause*, by which he put the plaintiff to great charges. That where the inferior court, uninfluenced by fraud or falsehood, has decided for the plaintiff, probable cause is shown and no malice can be presumed. The petition then is suicidal in showing probable cause, and in failing to show malice.

2. As to the authority of the circuit court to control the discretion of the council by mandamus. That the circuit courts have discretion to issue writs of mandamus, and enforce their judgments thereon, cannot be doubted. Whether the mandamus was the appropriate remedy in the case under consideration, is a different question.

Upon the application of Kean the circuit court ruled that the council did not possess an uncontrolable discretion to grant or refuse the tavern license. As to this matter, we understand there is no difference of opinion between the circuit court and the court of appeals; the exact points of difference are, that the circuit court ruled that Kean had such a state of facts as authorized an inference that the mandamus was the appropriate mode of controlling the action of the council. The court of appeals reversed this ruling on both points.

The circuit court, in the honest exercise of the powers of the court, with the simple truth before it, uninfluenced by extraneous facts, thought one way under the same state of facts and influence; the court of appeals thought otherwise. Kaye has the same right to charge the circuit judge with malice as Kean; and Kean has as much right to charge the judges of the court of appeals with malice as Kaye has to charge the circuit court.

Kean has done nothing more than to present his case to the circuit court—a court having jurisdiction of the subject matter, and asks the writ of mandamus. The circuit court granted the writ and proceeded to enforce its decisions. He was honestly,

KAYE
vs.
KEAN.

openly, and fairly seeking his right before the appointed tribunals of the country. Kean was right and the council wrong. After the opinion of this court the council granted the license. For an honest error of the circuit court, Kean is now called upon to answer.

On full investigation the circuit court held that Kean was entitled to the remedy which he pursued. This was a final judgment on the mandamus case, and is conclusive on the question of probable cause. The imprisonment which followed on disobedience of the mandate was the act of the court—not at the instance of Kean. The council, in their records, suggest that it disregarded the order of the court. The court then, of its own mere will, and not in the name of Kean or on his motion, proceeded in the name of the commonwealth against the contumaceous parties, and for this it is sought to make Kean responsible.

Feb. 9, 1858.

Judge SIMPSON delivered the opinion of the court.

The appellee, Kean, having applied to the general council of the city of Louisville, for a license to keep a tavern, with the privilege of selling spirituous liquors by retail, and his application having been refused, petitioned the circuit court for a writ of mandamus to compel the general council to comply with his request.

The parties were heard in the circuit court, and a judgment rendered, awarding a mandamus, requiring the general council to grant such a license to the petitioner as he had applied for. The general council, of whom the appellant was a member, refused obedience to the writ of mandamus, and for this refusal, he, together with some of the other members of that body, were committed to jail for a contempt, and kept in custody for several days. The judgment of the circuit court was appealed from and reversed by this court, and remanded with directions to dismisss the petition. (*Ante, page* 11.)

Thereupon, this action was brought by the appellant, against the appellee. The plaintiff alleged in his petition that the defendant had maliciously, and without any probable cause, instituted the aforesaid proceedings in the circuit court, and caused him to be committed to jail, and unlawfully imprisoned. He alleged, that as a member of the general council of the city of Louisville, he had a discretion to grant to, or withhold from the defendant, a license to keep a tavern, for the purpose of selling and retailing spirituous liquors therein, and that the circuit court had no power, authority, or jurisdiction to control his discretion; and it was no contempt of law to disobey the writ of mandamus which had been awarded by the circuit court at the instance of the defendant. He also alleged that the city of Louisville appealed from the judgment of the circuit court awarding the mandamus, and that the defendant maliciously and unlawfully, and without any probable cause therefor, opposed the right of the city to prosecutethe appeal, intending and contriving thereby to prolong plaintiff's imprisonment in jail.

To this petition the defendant filed a demurrer which was sustained by the court below, and a judgment rendered in bar of the plaintiff's action. From that judgment he has apppealed to this court.

The proceedings which were had, both in the circuit court, and in this court, on the application for a mandamus, which was made by the defendant, were set forth at length in the plaintiff's petition. It thus appeared that the judgment of the circuit court on that application was in favor of the defendant. It is well settled that a judgment of a court of competent jurisdiction in favor of the plaintiff in an action, is evidence that he had probable cause for believing he was entitled to the relief he was seeking against the defendant. Here the mandamus was awarded by the circuit court. Can it be said, that the application for a mandamus was made maliciously, and without any probable cause that it

1. A judgment of a court of competent jurisdiction in an action instituted by the plaintiff, is evidence that he had probable cause for believing that he was entitled to the relief he was seeking against the defen't, and the subsequent reversal of the judgment will not prove that there was not probable cause. It only shows that the ques-

tion of responsibility was regarded as doubtful. (*Spring & Stapp vs. Besore, &c.,* 12 *B. Mon.* 555.)

would be awarded, when it appears that it was awarded by a judgment of the circuit court? Does not the judgment furnish evidence of the existence of probable cause? It is true that the judgment of the circuit court was subsequently reversed, but that only proves that the right to the mandamus was a doubtful question, depending upon principles which in all probability were not understood by the applicant, and concerning which different opinions might have been honestly sustained.

The doctrine on this subject is, that the judgment of the circuit court in favor of the plaintiff, although it be afterwards reversed, is in cases where the parties have appeared, and have been heard, conclusive evidence of probable cause. And its conclusive effect in this respect can only be avoided by alleging and proving that it was obtained by fraud. This doctrine was recognized as correct in the case of *Spring and Stapp vs. Besore, &c.* (12 *B. Monroe,* 555,) and we still deem it to be correct, and approve of it.

2. In a suit on an attachment bond, the question is not whether there existed probable cause for the issue of the attachment, but upon the question whether it had been rightfully or wrong fully obtained. That question is determined by the final judgm't in the action.— The recovery on such a bond is for the injury the party may have sustained by being deprived of the use of his property—its loss or deterioration. If the attachment suit was maliciously

On the part of the plaintiff in this action it is contended, that according to this doctrine, the remedy on an attachment bond, executed in pursuance of the 224*th section of the Code of Practice,* might be lost by the erroneous judgment of the inferior court, and therefore the doctrine cannot be correct. It must be recollected however, that the remedy upon such a bond does not depend upon the existence of probable cause to sue out the attachment, but upon the question whether it has been rightfully or wrongfully obtained. That question is only determined by the final judgment in the action, and is not in any manner affected by the doctrine applicable to this case. The recovery on such a bond is for the injury the party may have sustained by being deprived of the use of his property, or by its loss or deterioration. If the proceeding was malicious, and without probable cause, an action therefor might be sustained, in which damages could be recovered for injuries to the credit, feelings, and business of the party. The ac-

tions however are entirely distinct, and depend altogether on different principles. The distinction between them is explained and defined in the case of *Pettit and Owen vs. Mercer*, (8 *B. Mon.* 51.)

The judgment of the circuit court was not void, but merely erroneous. That court had jurisdiction over the *subject matter*, and might have awarded a mandamus against the general council, under certain circumstances. So long therefore as the judgment remained in force, unsuspended and unreversed, it was the duty of the appellant to have rendered obedience to it. His contumacy subjected him to be proceeded against for a contempt, and as, therefore, there was sufficient cause for his imprisonment, he cannot maintain an action therefor against the appellee.

Having obtained a judgment in the circuit court, which in legal contemplation amounted to conclusive evidence that he had probable cause for believing he was entitled to the writ of mandamus, the appellee had undoubted right to employ counsel to sustain that judgment in this court, when the other party had appealed from it, and was attempting to reverse it. The motion to dismiss the appeal, on the ground that it was improperly prosecuted in the name of the city, and should have been prosecuted by the members of the city council as individuals, and not in their corporate capacity, was made in the usual and ordinary way in which such matters are relied upon to defeat an appeal, and sustain the judgment of the circuit court. There was nothing improper in the motion, and no action can be maintained against the appellee for his conduct in attempting to sustain in this court, a judgment of the court below, which he had a good reason to believe was perfectly correct.

The appellant, therefore, by the allegations contained in his own petition, showed that he had no cause of action against the appellee.

Wherefore, the judgment is affirmed.

KAYE
*vs.*
KEAN.

brought, the defendant might maintain an action for the injury to his credit, feelings, and business; the actions however are distinct.— (*Pettit & Owen vs. Mercer, 8 B. Mon.* 51.)

3. The Jefferson circuit court has jurisdiction to award a mandamus against the city council of Louisville, on a proper state of case being presented; and so long as a judgment in a case of mandamus of the circuit court in such case is in force, it should be obeyed, and a refusal justifies an imprisonment of the party refusing obedience, and no action is maintainable for such imprisonment.

4. No right of action arises from a party employing counsel to sustain a judgment which has been rendered in his favor by a court of competent jurisdiction, tho' it be reversed by the appellate court and thereby is shown to have been erroneous.