CHIEF JUSTICE SIMPSON
delivered the otinion op the court:
Mitchell brought this action against Mattingly for having had an attachment issued and levied on his property without, as he alleges, the existence of any good cause, whereby he was put to great trouble and expense, and his credit injured and destroyed. He also alleges that the attachment thus wrongfully issued had been discharged by the court.
The defendant admits in his answer that the attachment had been issued, and dismissed by the court, but charges that the cause for its issual did, as he believes, actually exist, and was true. Pie denies that the plaintiff was injured in his character or his credit by reason of said attachment, or has sustained any damage for which he ought to recover in this action.
To this answer the plaintiff filed a demui’rer which was overruled. A trial was then had, and the record of the proceedings in the action, in which the attachment had been sued out, and afterwards dismissed by the court, was the only evidence introduced before the jury. Thereupon the court instructed the jury, that as the attachment had been discharged by a judgment of the court, they ought to find for the plaintiff; but upon the evidence before them, they could only find for the plaintiff the cost of the attachment. The jury returned a verdict for the plaintiff for two dollars, upon which a judgment *239 was rendered, from which the plaintiff has appealed, and complains of the judgment of the court in overruling his demurrer to the defendant’s answer, and also of the instruction which the court gave to the jury, to which he excepted at the time it was given.
On the part of the defendant it is contended, that the plaintiff's petition is defective, and therefore it is immaterial whether the answer be sufficient or not, inasmuch as the demurrer brought •all the pleadings before the court for consideration, and if the petition be defective, the demurrer was properly overruled.
The rule thus relied upon prevailed at common law, and the question arises, how far has it been changed or modified by the provisions of the Code of Practice? Under the 123d section of the Civil Code, the defendant is deemed to have waived all objections to the plaintiff’s petition, by his failure to make them, either by demurrer or answer, except only the objection to the jurisdiction of the court over the subject of the action, and the objection that the petition does not state facts sufficient to constitute a cause of action. None of the objections to the plain-tifl’’s petition which are thus waived, can be noticed upon a demurrer to the defendant’s answer. But if the plaintiff’s petition does not state facts sufficient to constitute a cause of action, it is a defect, which is not waived by the defendant’s failure to demur, but of which he may avail himself upon the plaintiff’s demurrer to the answer, upon motion in arrest of judgment, or upon an appeal. If, therefore, the plaintiff’s petition in this case does not state facts sufficient to constitute a cause of action, the judgment of the court upon the plaintiff’s demurrer to the defendant’s answer was correct, whether the answer contained a good defense or not.
We will, therefore, consider in the first place the sufficiency of the plaintiff’s petition; for if it does not set forth a cause of action, he had no right to recover a judgment, and cannot therefore complain of any error of the court, in its instruction to the jury, or of any defect in the answer of the defendant.
The plaintiff did not bring his action on the bond which the defendant had executed at the time he sued out the attachment ; but it was brought for the injury he had sustained by *240 the loss of credit, and for the trouble and expense incurred by him in consequence of the attachment having issued, and having been levied upon his property. The distinction between an action on the bond, and one for a malicious proceeding, is fully explained, in the opinion of this court, in the case of Pettit and Owen vs. Mercer, (8 B. Mon., 51.)
To maintain the present action, on the ground that the attachment was maliciously prosecuted, the plaintiff must allege and prove, both malice on the part of the defendant and the want of probable cause for suing out the attachment. This doctrine is plainly announced in the opinion above referred to, and is fully sustained by all the decisions upon the subject. (Bell vs. Ursury, 4 Litt., 335; Yocum vs. Polly, 1 B. Mon., 359 ; Wood vs. Weir and Sayre, 5 B. Mon., 546; Cox vs. Taylor's adm'r, 10 B. Mon., 21.)
The plaintiff’s petition does not contain an allegation that the attachment was sued out maliciously and without probable cause. The only allegation it contains on the subject is, that the attachment was sued out without good cause. Now this allegation may be true, and yet probable cause for suing it out may have existed, and it may have been sued out in good faith and without malice. It is therefore evident that the plaintiff’s petition fails to state such facts as are indispensably necessary to enable him to maintain an action against the defendant, for having sued out the attachment referred to, maliciously and without probable cause. '
But it does not hence follow that the plaintiff’s petition does not state facts sufficient to constitute a cause of action.
By the 3d section of the 1st chapter of the Revised Statutes, p. 128, it is provided that, “ if ’property be distrained or attached, without good cause for suing out such distress or attachment, the owner of such property may, in an action against the party suing out the distress or attachment, recover damages for the wrongful seizure, and if the property be sold, also damages for the sale thereof. In such cases the plaintiff shall not be held to allege or prove malice on the part of the defendant.”
The plaintiff’s petition contains an averment that the attachment was issued without good cause for suing it out, and that it *241 was levied on the plaintiff’s property. It therefore states facta sufficient, under the statute, to constitute a cause of action. It is true the plaintiff also alleges in his petition that he was thereby injured in his credit, and put to great trouble and expense, when he is under the statute only entitled to recover damages for the wrongful seizure, and cannot in this form of action recover damages .for any injury his credit or character may have sustained. This allegation, however, is merely superfluous, and does not render the petition defective on demurrer. On the cause of action contained in the petition, the plaintiff is entitled to recover damages for the loss he sustained by being deprived of the use of his property by its seizure under the attachment, or by reason of any injury to the property levied on, resulting from its wrongful seizure. He is not, however, entitled to recover, in this form of action, the costs of the attachment, or damages for the loss of credit, or for any other injury, except that which is the direct consequence of the wrongful seizure of his property.
As, therefore, the plaintiff’s petition is not defective on demurrer, the sufficiency of the defendant’s answer will be the next subject of inquiry. It is not alleged in. the answer that good cause did exist for suing out the attachment. The allegation on the subject is, “that the grounds alleged by the defendant as constituting the cause for its issual did in fact, as he believes, exist, and was true.” His belief, however, of their existence, did not justify him in causing the attachment to issue. The question to be determined is, was there good cause for suing out the attachment? The plaintiff alleges that it was issued without good cause. The defendant does not allege that there was good cause for suing it out, but only that he believes there was. His belief on the subject is wholly immaterial in this action, and his answer is insufficient, even if he had a right to put this matter in issue again, after it had been previously decided by the court, in disposing of the attachment. As, however, the real issue between the parties on the trial of the motion to discharge the attachment, was whether any good cause existed for suing it out, and that issue was actually tried and decided in favor of the present plaintiff, the judgment in that case is con- *242 elusive between the parties that no such cause existed, and that matter cannot be retried by the parties in this action. The judgment discharging the attachment does not prove that the attachment was issued maliciously and without probable cause; but it does prove, inasmuch as the motion was tried and decided on the merits, that it was issued without good cause; and as the plaintiff’s action is founded on that fact, it cannot be controverted by the defendant, as he is precluded by that judgment from setting it up and relying upon it in the present action. The court below erred, therefore, in overruling the demurrer to the defendant’s answer.
The court also erred in the instruction to the jury in relation to the extent of the plaintiff’s right of recovery. He had a right to recover damages for the wrongful seizure of his property, and had no right to recover the costs of the attachment.
Wherefore, the judgment is reversed, and cause remanded for further proceedings not inconsistent with this opinion.