*W. H. Merriatt, for appellant.*

---

### JAMES S. JACKSON, ET AL., *v.* A. J. GRAVES, ET AL.

**Attachment Bond—Damages—Malice—Measure of Damages.**

Punitive damages cannot be recovered in a suit on an attachment bond, except upon proof showing that obtaining the attachment was malicious and without probable cause.

**Measure of Damages.**

Where in a suit on an attachment bond the plaintiff fails to show that defendant in obtaining the attachment acted with malice and without probable cause, but where the attachment was dissolved solely on the weight of the evidence, the measure of damages that may be recovered is the damage to his property by reason of the seizure or such actual damages as was the result of the seizure.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 24, 1875.

OPINION BY JUDGE PRYOR:

It is manifest from the evidence that the original action instituted by the appellants to recover of the appellees damages by reason of an injury to appellants' mill and dam, was not induced by reason of any malice on the part of appellants. The right of recovery was only defeated by a preponderance of testimony on the part of the appellees; and the testimony was so equally balanced on the issue,

as to have authorized the court to have sustained the verdict, if rendered for either party. It is not every failure to make out a cause of action by the proof, that evidences malice on the part of the plaintiff; and certainly none can be presumed to exist where the right to recover is made manifest by the witnesses for the plaintiff, and the cause of action defeated only by the weight of evidence being for the defendant.

The only issue in this case authorizing punitive damages arises from the allegation that the obtaining of the attachment was malicious and without probable cause. It is not pretended that a recovery is sought by reason of any malice in the prosecution of the action; and it was, therefore, error to have instructed the jury that the plaintiffs were entitled to recover the extraordinary costs, including attorney's fees, expended by them in the defense of the original action instituted against them by the appellants. They were entitled to recover their cost in the defense alone of the attachment, in the event of proof showing malice and a want of probable cause.

The question presented by this record is, did the appellee succeed in establishing malice and want of probable cause on the part of appellants in obtaining the attachment? If the appellants, on the trial of their action, having given such evidence of their right to recover as would preclude the idea of its prosecution without cause, may nevertheless have obtained the attachment in order to seek and harass the appellees, when they knew that no grounds existed for adopting this summary proceeding, if this latter conclusion can be arrived at, there might be some reason for sustaining the judgment of the court below; but when it is conceded, as it must be in this case, that the action was prosecuted in good faith for the recovery of damages, and that the cause of action was fully made out by appellants' proof, we perceive no reason why, under the circumstances, appellants should not have believed that it was necessary to obtain an attachment in order to secure whatever judgment they might obtain. The testimony of one of the appellees is to the effect that no malice could have existed on the part of appellants, as they were entire strangers to each other.

That they were strangers to each other, and the appellants were entirely ignorant as to the pecuniary condition of the appellees, except the information given them by one of the appellees at the time the attachment was levied, clearly appears. The appellees, at the time, were leaving, or about to take from the county and state all the visible property, and all the property they owned, so far as

known to appellants, for the purpose of selling it. They had no other property in the country, and appellants, having, as they supposed, a cause of action based upon the testimony of those who were not discredited on the trial, acted as prudent men would have acted by obtaining an attachment in order to secure their claims. A delay on their part in prosecuting an inquiry to ascertain the solvency of the appellees would have resulted, if they were entitled to a judgment, in their losing or abandoning their claim in the logs that were then being taken from the state.

It does appear from the evidence that the claim asserted was for a greater sum than they were entitled to recover. The amount of damage sustained, if any, was then unknown to the appellants, and in instituting their claim and obtaining an attachment, they became liable on their bond to pay the appellees all damages they might sustain, in the event their action was wrongful. That the attachment was not issued for good cause has been determined by the verdict and judgment in the original action, and the discharge of the attachment. The appellees were entitled to recover such damages as they sustained by reasons of the attachment. The whole record of the action of the Jacksons against the appellee was admitted by consent as evidence in this case; and if the facts elicited on that trial had been offered in an action for malicious prosecution, as showing probable cause, there would be no doubt but what the defense would have been complete. The presumption must arise on the facts in this case that the appellants were prosecuting their action in good faith, and there is no evidence on the part of appellees rebutting this presumption.

It cannot be said in this case that there is an entire absence of probable cause, and that malice on the part of the appellants towards the appellees caused them to have the attachment issued; but on the contrary, not only does it appear that the claim of the appellants was sustained by three or four witnesses, and perhaps more, but that prior to obtaining the attachment the appellants consulted counsel, and submitted to them the whole facts of the case, and upon their advice the action was instituted and the attachment obtained. There is nothing in the record showing that this proceeding was instituted in bad faith, or the representations made to counsel untrue, for what appellants stated was made to appear by the testimony heard upon the trial; and although this testimony sustained the issue made, it was adjudged to be more than counterbalanced by that of his adversaries. The facts were such that if the jury had rendered a ver-

dict for the appellants, the attachment would have been sustained, the whole facts presenting a case where the plaintiffs have failed to succeed, not for the want of proof to sustain his claim, but for the reason that the testimony of the defendant preponderated over that of the plaintiff; and failing in his action, the attachment was discharged. The appellees failed to show a want of probable cause, whilst the appellants established its existence.

For this reason, our instruction should have been given excluding the consideration of the issue made by the original petition and answer from the jury. The question of probable cause is more a question of law than of fact; and where one is acting on the information of others, as in this case, when bringing an action or obtaining legal process, and is attempted to be made liable for a malicious prosecution, and the facts are such as the case should go to the jury, the jury should be instructed "that they are bound to presume that the defendant believed in the truth of the information on which he acted, unless it clearly appears from the evidence that this evidence was false, and that the defendant knew it to be so. 1 Hilliard on Tort 461.

There is no conspiracy or combination alleged to exist between appellants and their witnesses to injure the appellees or their property; and if this action can be maintained upon the proof offered to sustain the allegation of malice and want of probable cause, or even the want of probable cause alone, the result would be that this cause of action would arise in every case when a party proved to be unsuccessful in his action, and his attachment for that reason discharged. The amended petition filed by appellees presents the only cause of action in this record for which a recovery can be had. All the appellees can recover under it is the damages to their logs by reason of the seizure or such actual damages as was the result of the seizure. *Mitchell v. Mattingly,* 1 Met. 237. If the logs could not be sold by reason of the delay caused by the seizure, and they declined in value, the difference would be the value of the logs when seized and what they could have been sold for, including the cost of caring for them.

For the reasons indicated the judgment is *reversed,* and cause remanded with directions to award the appellants a new trial, and for further proceedings consistent with the opinions.

*Sweeney & Stuart, Taylor, for appellants.*
*Williams & Brown, for appellees.*