JOSEPH A. HULL vs. AMASA SPRAGUE, 2nd.

PROVIDENCE—JULY 13, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Pleading and Practice. Malicious Prosecution. Declarations. De-*
    *murrers.*

A declaration in an action for malicious prosecution which fails to allege
the travel and result of the action complained of as malicious, in the
court where such action was begun, is demurrable.

(2) *Malicious Prosecution. Pleading.*

In an action for malicious prosecution, where the action complained of as
malicious terminated in the lower court in favor of the original plaintiff,
although such judgment was afterwards reversed, such matter should
be alleged in the declaration, together with the facts relied on by plain-
tiff to rebut the presumption of probable cause arising from such judg-
ment.

TRESPASS ON THE CASE for malicious prosecution. Heard
on demurrer to surrejoinder, and demurrer sustained.

(1)    TILLINGHAST, J.   The declaration in this case is demurra-
ble, in that it fails to allege the travel and result of the action
complained of as malicious in the court where such action
was begun.   It is true that it appears from the voluminous
pleadings in the case that there was a trial of the action com-
plained of as malicious, in the lower court, and that it resulted
in favor of the present defendant who was the plaintiff in that
suit.   But under all the precedents, and under the well-settled
law in such cases, the travel of the original action and the
result thereof should have been set out in the declaration in
this case.   See Newell on Malicious Pros. 396–404.

In *Spring* v. *Besore*, 12 B. Mon. 555, the court say : " The
correct doctrine on the subject is, in our opinion, that the de-
cree or judgment in favor of the plaintiff, although it be after-
wards reversed, is, in cases where the parties have appeared
and proof has been heard on both sides, conclusive evidence of
probable cause unless other matters be relied upon to impeach
the judgment or decree, and to show that it was obtained by

fraud; and in that case it is indispensable that such matter should be alleged in the plaintiff's declaration; for unless it be done, as the other facts which have to be stated establish the existence of probable cause, the declaration is suicidal. The plaintiff's declaration will itself always furnish evidence of probable cause when it states, as it must do, the proceedings that have taken place in the suit alleged to be malicious, and shows that a judgment or decree has been rendered against the plaintiff. To counteract the effect of the judgment or decree and the legal deduction of probable cause, it is incumbent upon him to make it appear in his declaration that such judgment or decree was unfairly obtained, and was the result of acts of malice, fraud, and oppression on the part of the defendant, designed and having the effect to deprive him of the opportunity and necessary means to have defeated the suit and obtained a judgment in his favor."

(2)    Under the decision of this court in *Giusti* v. *Del Papa*, 19 R. I. 338, a judgment in the lower court in favor of a plaintiff in an action complained of as malicious is *prima facie* evidence of probable cause, and in effect stands as conclusive until something further is alleged in the declaration to rebut the presumption arising from the allegation of such a judgment in the lower court. See also *Welch* v. *Ry. Co.*, 14 R. I. 609; *Collins* v. *Campbell*, 18 R. I. 738.

So to draw a declaration as to necessitate or even permit the piling up of technical pleadings until they reach a demurrer to a surrejoinder, as was done in this case, before reaching an issue, when the same issue might readily have been raised by a simple declaration and a plea of the general issue thereto, ought not to be permitted.

As the defendant's demurrer to the plaintiff's surrejoinder reaches back in effect through all the pleadings and attaches upon the first substantial defect therein (*Railton* v. *Taylor*, 20 R. I. 284), it reaches the defect above referred to in the declaration, and hence the demurrer is sustained and the case remanded for further proceedings.

*Franklin P. Owen*, for plaintiff.
*Tillinghast & Tillinghast*, for defendant.