## Blakely's Trustee, et al. v. Bogard et al.

(Decided April 27, 1911.)

## Appeal from Trigg Circuit Court.

Action—Pleading—Sustaining Demurrer in Lower Court—Jurisdiction.—While an action on an attachment bond was in proper form and the petition stated a cause of action, the error of the lower court in sustaining a demurrer to it will not affect its appeal, which must be dismissed because the amount in controversy is less than $200.00.

JOHN D. SHAW and ROBT. CRENSHAW for appellants.

DENNY P. SMITH for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Appeal Dismissed.

Many years ago one Reynolds devised the income from $8,000.00 to Mrs V. K. Blakely during her life, and provided by express terms that at her death the fund was to pass to others. M. M. Hanberry became trustee of this fund, and as such it was his duty to distribute it according to the will of Reynolds. He acted as trustee until 1908. During the time he was trustee, he not only paid the interest on the fund to Mrs. Blakely, but about $480.00 of the principal, and the person who succeeded him as trustee of the fund instituted an action against him and his bondsmen to recover that part of the principal paid out and was successful in doing so. The judgment was paid by Hanberry's sureties who immediately brought an action against Mrs. Blakely for the $480.00 alleging that it was paid to her by mistake of Hanberry,

and attached the accumulated interest on the $8,000.00 in the hands of her trustee. Mrs. Blakely denied the allegations of the petition, and pleaded the statutes of limitation in bar of their right to recover. The lower court decided the case against her, but upon an appeal this court determined that her plea of the statutes of limitations was good, and directed that the action be dismissed; therefore, upon a return of the case the lower court dismissed the action and also the attachment.

Mrs. Blakely brought this action upon the attachment bond seeking to recover damages in the sum of $125.00 which she alleged she paid her attorneys to defeat the attachment, and about $56.00, the interest on the fund attached in the hands of her trustees, making a total of $181.69 asked for in her petition. She afterwards filed an amended petition in which she repeated the allegations of her original, except as to the interest, and alleged that she was damaged $100.00 by being kept out of the money to which she was entitled from her trustee, and $2.10, for attending court during the trial of the attachment proceeding, making $227.10 for which she prayed judgment. The lower court sustained a demurrer to these pleadings, but appellant declined to plead further and appealed to this court.

It appears, but from the briefs only, that the lower court concluded that the action was for damages for maliciously suing out the attachment without probable cause; that it was similar to the case of Spring & Stepp v. Besore et al., 12 B. Mon., 551; and that as the lower court gave the parties a fair trial and sustained the attachment it was a bar to this action, even though this court reversed it on appeal. This position would be correct if this action had been brought for malicious prosecution without probable cause, but the sureties on the attachment bond would not have been liable in such an action. In cases like that damages could have been recovered for injury to reputation, feelings and business. The action at bar was brought for damages sustained by Mrs. Blakely. The sureties in this action had agreed to pay Mrs. Blakely the damages she might sustain by reason of the attachment in the action, if the order was wrongfully obtained. This court decided that the order was wrongfully obtained and that the plaintiffs in that action had no enforcible claim against Mrs. Blakely. But in the action at bar, Mrs. Blakely can only recover

the damages occasioned by depriving her of the use of her property, its loss, or detention, attorney fees expended in defending the attachment case and other necessary expenditures made in defense thereof. This action and one for malicious prosecution without probable cause are entirely distinct and depend altogether on different principles. Petrie & Owen v. Mercer, 8 B. Mon., 51; Kaye v. Kean, 18 B. Mon., 669; Miller v. Baker, 25 Ky. L. R., 1859; 79 S. W., 187; Vannatta v. Vannatta, 21 Ky. L. R., 1464; 55 S. W., 685; and McClure v. Renaker, 21 Ky. L. R., 360; 51 S. W., 317. Many other cases to the same effect have been decided since the above, but we deem it not necessary to cite them. This is an ordinary action on an attachment bond against the sureties; it was in proper form; the petition stated a good cause of action, and the lower court erred in sustaining a demurrer to it.

Notwithstanding the error of the lower court in sustaining the demurrer, this appeal will have to be dismissed, as this court has no jurisdiction in a case where the amount in controversy is less than $200.00. It is true the amount prayed for in the amended petition is $227.10, but the face of the pleadings show that in no event was Mrs. Blakely entitled to recover more than $181.69. She asked in her original petition for $125.00 paid to her attorneys and filed a statement with it of the amount of money withheld from her by her trustee during the pendency of that action, giving the length of time it was detained and a calculation of the interest given the different items, making a total of $56.69. She was entitled to this interest under all the authorities. She simply alleged in the amended petition that by being deprived of the use of that amount during all this time she was damaged $100.00, without giving any reason or particulars as to how she was damaged. It is to be presumed she was damaged to the extent of the simple interest on the amount of $56.69, and to recover for any greater sum for the use of it than that, she would have to allege and prove some extraordinary reason for it, which she failed to do. The case of Evans' Adm'r v. Cleaver, 16 Ky. L. R., 499, was very much like the one at bar. In that case the pleadings showed on their face that the appellant was not entitled to recover as much as $200.00 although she asked for $200.00 in her prayer. The court used this language:

"The plaintiff being entitled to recover by her own concession less than the amount, giving to either court jurisdiction of the appeal, the appeal must be dismissed.

The claim for damages amounting to $200.00 will not give the jurisdiction if upon the face of the pleadings it clearly appears the amount in controversy is less than the amount, giving to the appellate court jurisdiction."

According to the face of appellant's pleadings, in no event could she have recovered more than $181.69, and this court has no jurisdiction of an appeal for that sum; therefore the appeal is dismissed.