## JULIO BAYRON, Plff.,

*v.*

## LUIS VADI, Dft.

---

Mayaguez, Law, No. 250.

JUDGMENT AS PROOF OF PROBABLE CAUSE.

Malicious Prosecution—Probable Cause.

> One of the essential elements in an action for malicious prosecution is the lack of probable cause for the original prosecution; and the fact that a court of competent jurisdiction found the party guilty, even though reversed afterwards, proves conclusively that there was probable cause.

Opinion filed June 12, 1915.

---

*Mr. Oscar Souffront* attorney for plaintiff.

*Mr. José Sabater* attorney for defendant.

---

NOTE.—On the question of verdict of guilty set aside or reversed and followed by acquittal or *nolle prosequi* as evidence of probable cause, see note in 6 L.R.A.(N.S.) 701.

Bayron v. Vadi.

HAMILTON, Judge, delivered the following opinion:

This is a suit for damages for malicious prosecution. The complaint shows that the plaintiff was arrested, tried, and convicted before a local municipal court for an offense, but that on appeal this judgment was reversed. The demurrer as amended sets up that one of the essential elements in a suit for damages for malicious prosecution is the want of probable cause for the original prosecution, and that the fact a court of competent jurisdiction found the party guilty, even though reversed afterwards, proves there was probable cause.

There seems to be no decision in Porto Rico upon this particular point, but there is one arising in Louisiana (Butchers' Union Slaughterhouse Co. v. Crescent City Live Stock Co. 37 La. Ann. 874), a state having somewhat similar institutions, which bears upon the point. In that instance there was a judgment in a Federal court and a suit for malicious prosecution in a state court. The state courts absolutely disregarded the finding in the Federal court, and the matter went to the Supreme Court of the United States. It was there held in Crescent City L. S. L. & S. H. Co. v. Butchers' Union S. H. & L. S. Co. 120 U. S. 141, 30 L. ed. 614, 7 Sup. Ct. Rep. 472, that the adjudication in the Federal court did show the existence of probable cause, but that this could be set aside by showing improper procedure in the lower court.

"The question of probable cause is a question of law where the facts are undisputed; and the judgment of the court, in favor of the plaintiff, is conclusive proof of probable cause for the prosecution of the suit alleged to be malicious, notwithstanding its subsequent reversal by an appellate court, unless it is shown

to have been obtained by means of fraud. This rule seems to reconcile the apparent contradiction in the authorities, is well grounded in reason, fair and just to the parties, and consistent with the principle on which the action for malicious prosecution is founded."

This was in effect adopted by the Supreme Court from Spring v. Besore, 12 B. Mon. 551, 555. The principle is also discussed in 26 Cyc. 42.

It is argued here by the demurrant that the municipal court is not a court of record, and therefore its findings do not come within the principle of the above decision. To this, however, we cannot assent. Local and Federal courts have to some extent different jurisdictions, but all have the same function, that is to say, trying issues between parties. Where the issue is properly before the court, its decision is binding not only there, but in every other court, except in the way of proper review. The principle of the rule above enunciated is not so much that the issue has been determined between the same parties, because a criminal suit, where this cause of action generally arises, is not between the two parties to the civil suit for malicious prosecution. The above case of Crescent City L. S. L. & S. H. Co. v. Butchers' Union S. H. & L. S. L. Co. supra, was throughout one between parties, and of course, what is decided between the parties in one suit is binding upon them in another. There can be no collateral attack upon judgments even by the same parties. In a criminal suit in many of the United States this principle would apply directly, because, under the common law, there may be a prosecutor, one who institutes and carries through the prosecution. To some extent the principle of parties being bound would therefore apply even in criminal cases. In Porto

Bayron v. Vadi.

Rico there is no prosecutor in this sense. The criminal suit is wholly between the local government and the defendant. The same principle does not precisely apply. But there is another consideration to be taken into account. The only party plaintiff in a local criminal suit is the people of Porto Rico. The only way that an individual can intervene in this suit is as an active, but not technical, instigator of the criminal prosecution complained of. This will not necessarily be as a witness, although it may be. Unless such a person is to be considered as in some way affected by the result, there could never be a suit for malicious criminal prosecution in Porto Rico. This, however, is not the law or the practice, for such suits may be brought in Porto Rico. Wilson v. Carlin Constr. Co. in manuscript. The person, witness or otherwise, actually instituting the prosecution or suit, although not technically the prosecutor, is to be classed in the same category with the prosecutor in the United States, and is affected for good or ill by the result of the prosecution.

It follows, therefore, that the conviction in the municipal court would be conclusive in the matter of probable cause in this case, unless it can be shown that the judgment was fraudulently obtained. The demurrer is sustained, and ten days is allowed to amend the complaint so as to come within the principles above announced.

It is so ordered.